### THE MAYOR, ETC., OF SAVANNAH *vs*. CLEARY.

1. The city of Savannah is bound to keep such banks or embankments along canals controlled and used by it as a part of its drainage system as will securely keep the waters of such canals within their channels; and also to keep them open and in such order as to pro-tect the proprietors of adjacent lands, and to do this in such manner as to provide against the changes of weather which are usual and ordinary at different seasons in that latitude.

2. If overflows and consequent damage resulted from allowing grass, weeds, or other obstructions, to remain in the channel of the canal, the city would be liable.

(*a*.) Nor could the city put obstructions in the canal for the purpose of repairing it in such way as to injure proprietors of adjacent lands.

3. Extraordinary rain-falls against which the city by the use of care and caution could not provide, if unmixed with negligence on the part of the city, will not create any liability for damages from overflows caused thereby. But if the proximate or immediate cause of the overflow was negligence of the city in allowing the canal to become obstructed, the existence of extraordinary rainfalls will not relieve it from liability for damages.

4. An exception that the charge of the court as a whole has a tendency to mislead the jury and give them wrong impressions as to the facts proved, and presents wrong issues, is too general to be considered by this court.

5. To show the ownership by another than the city of a part of the bank of a canal is irrelevant, where the damage complained of was not at such place, but at a different portion of the bank, at some distance therefrom.

6. The verdict is supported by the evidence.

Municipal Corporations. Damages. Negligence. Sewers. Evidence. Savannah. Before Judge CARSWELL. Chatham Superior Court. March Term, 1881.

Reported in the decision.

H. C. CUNNINGHAM, for plaintiffs in error.

GRAYSON MANN; R. R. RICHARDS, for defendant.

SPEER, Justice.

William Cleary commenced his action for damages against the mayor and aldermen of the city of Savannah, on the 27th day of January, 1874—the amount claimed being $10,000.00. The suit was for damages sustained from the overflow of his lands and crops by the sewer waters of Bilbo canal, and of Perry street lane canal—two canals used by Savannah for the purpose of draining the city by

means of sewers emptying into them. Cleary planted two fields adjacent to said canals—one of fifteen acres, north of and next to the Perry canal, the other of eighty acres, east of and next to Bilbo canal. It was alleged that the crops of cotton on the fifteen acre field, and the crop of oats, hay, sweet potatoes, corn, peas and straw on the eighty-acre field, as well as grass for pasturage of cattle (all in fine condition at the time), were totally destroyed by the overflows of said tracts of land by the waters from the said canals—and that the overflows occurred on the following dates, or about then: August 10th and 18th, 1871, and August 5th, 1872. Both fields were inundated with water from the said canals, in the month of August, 1871, and only the fifteen-acre field in August, 1872—this fifteen acre field having been planted in cotton on both occasions. The declaration alleged that all the overflows were due to the insufficient banks and bad condition and repair of the Bilbo canal, and of Perry canal; and, also, to the fact that both canals were not kept open and in such condition as to protect the proprietors of adjacent lands, but on the contrary, both canals were stopped up, and so obstructed and kept by obstructions placed therein by the city, that the water brought into the canals from the city sewers could not escape into the Savannah river, as was formerly the case, but was necessarily emptied upon Cleary's lands adjoining thereto, and overflowed the same. The declaration also alleged that the city was bound to keep said canals in order, so as to protect the lands of the adjacent proprietors from overflow, and so neglected its duty as to unnecessarily cause the damage to plaintiff. The defendants pleaded the general issue; that it was not bound to keep the eastern bank of Bilbo canal in order or repair, so as to prevent overflow of, or damage to, the adjacent lands; also, that the city was not bound to pro. vide good and sufficient banks or dams on said eastern side of said canal, nor was it under any obligation to keep the same in good order or repair.

v 67—11

On the trial of the cause, after hearing the evidence and receiving the charge of the court, the jury on returning into court rendered a verdict for plaintiff against the defendant for five thousand and sixty-seven dollars and fifty cents.

The defendant then made a motion for a new trial on the following grounds :

(1.) Because his honor, the judge, erred in charging the jury as follows:

" It its conceded by the defendants, the mayor and aldermen of the city of Savannah, that the Perry Street Lane canal and Bilbo canal are controlled by them as a part of the sewerage and drainage system of the city of Savannah, and I charge you that they were required by law to keep such banks or embankments along said canals as would securely keep the waters within the channels of said canals, and to keep them open and in such order as to protect the proprietors of adjacent lands, and they were required to do this in such a manner as to provide against the changes of the weather, which are usual and ordinary at different seasons of the year in this latitude."

(2.) Because his honor, the judge, erred in charging the jury as follows:

" I charge you further, if you find from the evidence that at the time set forth in the plaintiff's declaration the defendants had put obstructions in said canals, or had permitted them to become obstructed by dirt falling in them, and grass and weeds growing up in them, or in any other manner, and that by reason of such obstructions the water overflowed and broke through the banks of said canals, and overflowed the adjacent lands occupied by plaintiff and destroyed his crops growing thereon, then the plaintiff is entitled to recover damages for the injury and loss that he sustained. And if you find from the evidence that obstructions were put in these canals by defendants to enable them to make repairs thereon, the law of their liability is not changed ; they were bound to so

conduct and direct these repairs as to protect the propri-etors of adjacent lands from damage and injury."

(3.) Because his honor, the judge, erred in charging the jury as follows:

"And I charge you further, if you find from the evidence that the injury and loss complained of by plaintiff was in no wise caused by the negligence and default of defendants, by reason of the bad repair and condition of said canals, or by reason of obstructions put therein, but was the result of a most extraordinary storm and rainfall, against which human foresight, by the exercise of proper care and precaution, could not provide, and which, by the excessive and extraordinary fall of rain, caused the canals to overflow and submerged the lands occupied by plaintiff, then defendants were not responsible for the injury and loss sustained by plaintiff, and no recovery can be had against them."

(4.) Because his honor, the judge, erred in charging the jury as follows:

"If the city of Savannah so obstructed the canals, or portions of canals it took and used for drainage purposes, and kept their banks in such condition as necessarily to flood the plaintiff's premises, it is liable for any damages he may thereby have sustained, and the city is not excused by extraordinary rains, if the jury find that the city was originally in fault by closing up said canals and not providing them with sufficient banks, and if such original fault was the proximate or immediate cause of the injury. That I charge you to be the law."

(5.) Because his honor erred in charging the jury as follows:

"A storm of wind and rain may be of such an extraordinary character and the violence so unprecedented that human skill and foresight could not be proof against it, but in this case here, you must find, in order to find this to be the act of God, you must find it to be such an extraordinary fall of rain, so unprecedented in its character,

that no human foresight, no care on the part of the city in constructing and repairing that canal, could have prevented the plaintiff's land from being submerged."

(6.) That his honor, the judge, erred in giving a charge to the jury which, as a whole, had a tendency to mislead the jury and give them wrong impressions as to the facts proved, and presented wrong issues to the jury, and failed to present the true issues to the jury. (A full copy of said charges as given being annexed to this motion and marked exhibit A.)

(7.) Because his honor erred in his charge to the jury, in that, in and by said charge he made the liability of the mayor and aldermen of the city of Savannah to the proprietors of land neighboring on the canals used for drainage purposes that of insurers, and therefore bound to extraordinary diligence, while they were only liable for ordinary diligence in the care and maintenance of said canals.

(8.) Because his honor, the judge, erred in his refusal to permit the defendant to put in evidence the deed made by William S. Lawton and George S. Owens, trustees, etc., to the Atlantic and Gulf Railroad Company, dated July 9th, 1870, which deed conveyed to said company the eastern dam or bank of Bilbo canal.

(9.) Because the verdict of the jury was contrary to law.

(10.) Because the verdict of the jury was contrary to evidence, and strongly and decidedly against the weight of evidence, and without evidence to support it.

(11.) Because the verdict of the jury was contrary to the charge of the court.

(12.) Because the damages found were excessive.

Which motion for a new trial was overruled and refused, to which ruling said defendant excepted and assigned the same as error on each and all of the grounds in said motion contained.

1. Was there error as complained of in the first ground

of the motion? If it be true, as was shown by the evidence and conceded by the defendant on the trial below, that these canals known as the Perry Street Lane canal and Bilbo canal, are controlled by it as part of the sewerage and drainage system of the city of Savannah, as authorized to be taken, appropriated and controlled for that purpose under the act of the general assembly of the 13th of December, 1858, then the rule of liability imposed upon the defendants below as charged by the court, and excepted to in the first ground of the motion, was not only the correct rule, but was so held by this court in the case of *The Mayor etc. vs. William Spears*, 66 *Ga.*, 304.

The proviso in said act is "And provided, also, when the said mayor and aldermen shall take and use any private canal or portion of canal, as a part of such system, the said city shall be compelled to keep the same opened and in such order as *to protect the proprietors of adjacent lands*." This grant of power to this municipality to appropriate private property beyond her corporate limits for the purposes of sewerage and drainage, and thereby to improve the health and cleanliness of said city, and thus add to its business, population and prosperity, was coupled with this burthen of protecting at all events adjacent land-holders from such overflows as might result from the system inaugurated, and if the city has taken the benefits and advantages flowing from this grant, she must fulfill with equal fidelity the burthens and conditions it imposes, or else be answerable for the consequences to those injured by this failure.

2, 3. Neither do we find any error as alleged in the 2d, 3d, 4th and 5th grounds of the motion for new trial in reference to the charge of the court, as therein complained of.

4. As to the 6th ground of the motion, "that the court erred in giving a charge to the jury as a whole which had a tendency to mislead the jury and give them wrong impres-

sions as to the facts proved, and presented wrong issues to the jury and failed to present the true issues," it may be said that this ground of exception is so general that this court may well decline to consider it. While it may be true that a charge as a whole may be excepted to, yet it is the duty of the party excepting to specify and designate specially and in what particulars said charge as a whole is objectionable. To say that the charge " had a tendency to mislead the jury," and "give them wrong impressions," and " that the court did not present the true issues to the jury," is too general and indefinite for this court to entertain and consider as grounds of error.

5. We find no error in excluding the deed by Lawton and Owens, as trustees to the Atlantic & Gulf Railroad Company, as evidence, from the jury. The deed was not only irrelevant and could afford no protection to the defendant against this damage done to plaintiff below, but the evidence showed without dispute that the overflow and damage to land of plaintiff below did not result from a break or overflow of the bank of the canal where it was used by the railroad company as its road bed, but at a considerable distance from the point where the bed of said railroad track deflected from the bank of the canal. In looking carefully into the testimony contained in this voluminous record, greatly aided as we have been by the clear and satisfactory abstracts and briefs furnished by the counsel, we can only say we see no abuse in the discretion of the court below in refusing this motion for a new trial on the remaining grounds as set forth therein. There is, in our opinion, sufficient evidence to sustain this verdict under the rules of law applicable to the facts of the case, and the damages rendered were not only not excessive, but might have been larger under the evidence, if the jury had thought proper so to render them.

Let the judgment of the court below, refusing the new trial, be affirmed.