Haney v. The City of Kansas.

HANEY, *Appellant*, v. THE CITY OF KANSAS.

1. **Practice:** INSTRUCTION : SINGLING OUT SPECIAL ISSUES. An instruction is improper which singles out a particular defence in a case and authorizes a verdict for the plaintiff should the jury find for him upon it, where the evidence for the defendant tends to disprove all the allegations of the petition.

2. **Municipal Corporation:** NEGLIGENCE: INSUFFICIENT DRAINAGE: ACT OF GOD. A city is only liable for the want of ordinary care in providing and maintaining sufficient curbing, guttering, and sidewalks, but, if by reason of the want of such ordinary care and prudence, the curbing and guttering become defective and out of repair, and this defective condition becomes an active agent commingled with the act of God in producing damage to property, the city will be liable.

3. ——— : ——— : ——— : PRACTICE : INSTRUCTIONS. In an action against a city for damages to plaintiff's property, occasioned by defendant's negligence in allowing its guttering, curbing, and sidewalk near the premises to become and remain out of repair, where the instructions taken together measure the defendant's duty by a curbing and guttering sufficient to carry off all ordinary rainfalls without damage to plaintiff's premises and property, it is not error to refuse an instruction to the effect that defendant is liable if its negligence concurred with the act of God and contributed to the damage.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Albert Young* for appellant.

(1) Where a loss or injury happens in any way through the agency of man, it cannot be considered the act of God; nor even if the act or negligence of man contributes to bring the property or goods under the operation of natural causes can the defendant be excused. To constitute a justifying or exculpatory excuse for the defendant, the "act of God," or *vis divina,* must be the sole and immediate cause of the injury. If there be any coöperation of man, or any admixture of human means, the injury is not, in a legal sense, the "act of God." The two instructions asked by plaintiff and refused by the trial court should have been given. Cooley on Torts, 72, 73, and notes; Whittaker's Smith on Negligence, 39; Wharton's Negligence, sec. 123, and notes; *Navigation Co. v. Wood,* 3 Esp. 127; *Forward v. Pittard,* 1 Term R. 27; *New Brunswick v. Tiers,* 4 Zab. 697; *Michaels v. Railroad,* 30 N. Y. 564; *Botswick v. Railroad,* 45 N. Y. 712–17; *Rogers v. Railroad,* 67 Cal. 607; *Bassett v. City of St. Joseph,* 53 Mo. 290; *Clark v. Railroad,* 39 Mo. 184; *Wolf v. Express Co.,* 43 Mo. 421; *Read v. Railroad,* 60 Mo. 199; *Pruitt v. Railroad,* 62 Mo. 527. (2) It is a well-settled principle that municipal corporations are liable for their failure or neglect to perform ministerial duties, such as keeping their streets, sidewalks, curbing, and guttering in repair, and for all damages occasioned to private property thereby. 2 Dillon's Mun. Corp., secs. 980, 1051; *City of Alton v. Hope,* 68 Ill. 167.

No brief for respondent.

BLACK, J.—This is a suit for damages to the foundation walls of the plaintiff's building, and for the loss of the use of his cellar, and for the destruction of property stored therein, occasioned, it is alleged, by negligence

on the part of the defendant in allowing the curbing, guttering, and sidewalk near the premises to become and remain out of repair, and by reason of which water ran into the cellar. The verdict was for defendant, and the plaintiff appealed.

Error is assigned only in the refusal of the court to give the plaintiff's third and fourth instructions. The third in substance told the jury to find for the plaintiff, unless they believed the damage complained of was occasioned by the act of God as the sole and proximate cause. There was evidence that the damage resulted from a rain storm of extraordinary and unusual violence; but this was not the only defence. Evidence was offered, it is said in the bill of exceptions, tending to disprove all the allegations of the petition. This instruction resolves all other issues in favor of the plaintiff, and that, too, in the face of the evidence and regardless of the pleadings. For these reasons, it was properly refused.

The fourth instruction is, that "if you believe the damage complained of was caused by the act of God or inevitable accident in which the negligence of the defendant concurred and contributed to said damage, then you must find for the plaintiff." It is the settled law in this state, in respect to the liabilities of common carriers, that the act of God which will excuse them must be the sole cause of the loss or injury. If the negligence of the carrier mingles with the act of God and is an active and coöperative cause, the carrier is still liable. *Wolf v. Express Co.*, 43 Mo. 421; *Read v. Railroad*, 60 Mo. 199; *Pruitt v. Railroad*, 62 Mo. 527. In these cases, the carrier is regarded as an insurer, whilst in the present case, the city is liable only for want of ordinary care. If by reason of the want of such care and prudence the curbing and guttering became defective and out of repair, and this defective condition of the curbing and guttering became an active agency with the act of God in producing the damage, then the city would

be liable. The commingling negligence of the city must amount to the want of ordinary care. *Rodgers v. Railroad,* 67 Cal. 607.

The court in this case and at the request of the plaintiff told the jury that in order to defeat the suit on this defence, the defendant must prove that the water "came from a rain storm of such extraordinary, unusual, and great force and violence, that even if the curbing, guttering, and sidewalk at the location in question had been in a reasonably good and proper condition and repair, yet the injury complained of could not and would not have been avoided."

For the defendant, the court, after stating that the city was not bound to anticipate nor provide against extraordinary and unusual rainfalls, gave this instruction:

"If the jury believe from the evidence that the damage complained of occurred by reason of an extraordinary storm and that no damage would have occurred from an ordinary rainfall of water, then the verdict should be for the defendant."

These instructions, taken together, measure the defendant's duty by a curbing and guttering sufficient to carry off all ordinary rainfalls without damage to the plaintiff's premises and property. If no damage would have occurred from an ordinary rain, such a one as is to be expected and anticipated in this climate, then the defendant had performed its duty and cannot be said to have been negligent. In view of the instructions given, we conclude there was no reversible error in refusing to give the fourth, asked by the plaintiff.

The judgment is, therefore, affirmed. Ray, J., absent. The other judges concur.