McInery v. The City of St. Joseph.

JOSEPH McINERY, Respondent, v. THE CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 11, 1891.

Municipal Corporation: NEGLIGENTLY OBSTRUCTING GUTTER. A city is liable in an action for damages for piling stone in a street gutter causing the overflow of surface water on the abutting property to its damage ; and the principles of law as to surface water do not apply in such action.

*Appeal from the Buchanan Circuit Court.*—HON. OLIVER M. SPENCER, Judge.

AFFIRMED.

*M. A. Reed,* for appellant.

The court should have given the seventh instruction of the defendant as asked. To give what he did of it,

and strike off the balance, was to deny what the supreme court of this state have many times asserted, viz. : That surface water may even be turned upon the servient land without liability. *Stewart v. City of Clinton*, 79 Mo. 612 ; *Rychlicki v. City of St. Louis*, 98 Mo. 501 ; *Jones v. Railroad*, 84 Mo. 153 ; *Imler v. City of Springfield*, 55 Mo. 126 ; *Hoyt v. City of Hudson*, 27 Wis. 565 ; Cooley on Torts, pp. 575–577 ; Dill. on Mun. Corp [ 3 Ed. ] sec. 1046 ; *City of Denver v. Capelli*, 4 Col. 25 ; *Nims v. Mayor*, 59 N. Y. 500 ; *City of Denver v. Rhodes*, 13 P. R. 729–733.

*Ryan & McDonald*, for respondent.

It is a well-settled principle of law that municipal corporations are liable for their failure or negligence in performing ministerial duties as keeping their streets, sidewalks, curbing and guttering in repair and free from obstructions, and for all damages occasioned to private property thereby. 2 Dillon Mun. Corp. [ 4 Ed. ] sec. 980, p. 1203 ; sec. 1051, p. 1335, par. 4, and cases cited ; *City of Alton v. Hope*, 68 Ill. 167 ; *Haney v. City of Kansas*, 94 Mo. 335 ; *Rychlicki v. City*, 98 Mo. 501 ; *Mayor v. Cleary*, 67 Ga. 153.

ELLISON, J.—Plaintiff complains that the defendant city, by piling several wagonloads of stones into the street gutter in front of, and near to, his property, caused the overflow of surface water, resulting from a rain, onto his property to his damage. He prevailed below and defendant appeals. All instructions asked were given for either side, except one in the nature of a demurrer to plaintiff's case at the close of the evidence in his behalf, and instruction, numbered 7, which, while involving a legal proposition, was to the same effect, and was submitted with other instructions at the close of the case.

We have examined the evidence, and find the court was justified in overruling the demurrer, first submitted.

We can see no benefit to be derived from an extended discussion of the testimony and content ourselves with announcing our conclusion. The seventh instruction as asked is as follows: "7. There is no evidence in this case that any injury resulted to defendant from any water but surface water, *and the jury will find for the defendant.*" The court struck out the words in italics and gave it as thus amended. The principle of law as to surface water, as it has been announced in this state by a line of decisions cited in the majority and dissenting opinions in the case of *Rychlicki v. City of St. Louis,* 98 Mo. 497, has no application to the question in this case. In this case the city was not attempting to take care of, or to in any manner deal, with surface water. But it negligently obstructed the gutter which had theretofore been provided to lead off surface water, so that the gutter could not fully perform its function. The acts complained of here are of that class found in *City of Alton v. Hope,* 68 Ill. 167; *Haney v. City of Kansas,* 94 Mo. 334; *Mayor v. Cleary,* 67 Ga. 153. We discover no error in the trial and affirm the judgment.