### Sharp & Company v. Parker.

108  805
Case 1
120  751

Lewis, J.   1. When one for a valuable consideration conveys the right of the exclusive use of a race which carries from a stream water over his land, and the party who receives such water privileges stipulates in his contract that he will keep the race in good condition, the latter is liable to the former for damages done the land by overflows of water, resulting from improper work done on the race, and a failure to keep it in a reasonably safe condition to prevent such overflows.   If the proximate or immediate cause of such overflows is the result of his negligence in omitting to keep the race in proper condition, the existence of unusual rainfalls will not relieve him from liability for damages.   *Mayor of Savannah* v. *Cleary*, 67 *Ga.* 153, 154.

2. When a defendant seeks to recoup damages in such a case by claiming that plaintiff in using the water in the race for purposes in a brick-yard had so muddied the water as to injure hides defendant had in process of tanning, there is no liability of the plaintiff for such damages, it appearing that he simply employed one to make brick, and told him he could get the water out of a creek, there being such a stream running through plaintiff's land, and it further appearing that he had nothing to do with the act of this contractor in cutting the race which resulted in muddying the water, and thus damaging the defendant's hides.   *Atlanta Railroad Company* v. *Kimberly*, 87 *Ga.* 164; *Harrison* v. *Kiser*, 79 *Ga.* 588.

3. If there was any error in any of the charges of the court excepted to, when taken in connection with the entire charge, they were not calculated to mislead the jury, and hence afford no sufficient ground for granting a new trial.   There being considerable conflict in the testimony, and there being some evidence to sustain the verdict for the plaintiff, this court will not interfere with the discretion of the trial judge in refusing a new trial.
                    *Judgment affirmed.   All the Justices concurring.*

Argued June 13, — Decided July 26, 1899.

Action for damages.   Before Judge Gober.   Cobb superior court.   September 22, 1898.

*Mozley & Griffin*, for plaintiffs in error.
*Morris & Green*, contra.