10151. ROPER v. ROBERTS et al., administrators.

The allegations of paragraph 14 of the plaintiff's petition as amended, as to the acts which caused the ditch to become obstructed and fill up with sand and debris, were sufficiently specific and were not subject to demurrer on the ground that a mere conclusion was stated therein. The court erred in sustaining the special demurrer to that paragraph and striking it.

DECIDED MAY 14, 1919.

Action for damages; from Cherokee superior court—Judge Morris. August 22, 1918.

Howell Brooke, R. H. Baker, O. J. Lilly, for plaintiff.

George D. Anderson, William Butt, for defendants.

BROYLES, P. J. J. A. Roper brought an action for damages against the administrators of the estate of J. M. Roberts. The petition alleged that Roberts, about ten years before this suit was brought, cut a ditch through his land and thereby changed the channel of Yellow Creek, which flowed through it; that this creek also ran through the plaintiff's land; that in the spring of 1912, after the plaintiff's land had been plowed for planting, the new or arti-

ficial channel became obstructed so that the water in it overflowed not only on Roberts' land but on the plaintiff's land, and caused the plaintiff's land to become so wet that it could not be planted or cultivated, and damaged the plaintiff in a large amount, to wit. $5,750. Paragraph 14 of the petition was as follows: "14th. That the said J. M. Roberts continued to divert the waters of said creek through said ditch or canal until the winter of the year 1912, when he negligently allowed said ditch or canal to become obstructed and filled up with sand and other debris in places, preventing the waters of said creek from flowing through the same, and causing the waters of said stream to flow at random over his said lands, thereby causing back-water in the channel of the stream on the lands of your petitioner and causing the natural channel of said stream on the lands of your petitioner to fill up with sand and other debris, and thereby causing the waters of said stream to abandon the natural channel and flow in various directions over petitioner's said lands, and accumulate and stand in ponds thereon and render your, petitioner's said bottom land wet, soggy, and incapable of cultivation or use for any purpose whatever, and thereby causing petitioner the loss of all crops, rents, or income from said 30 acres of bottom lands during the years 1912, 1913, 1914, 1915, 1916, of the net value and to his loss and injury in the full sum of $750 per annum, and to the aggregate amount of $3,750." To this paragraph the defendant demurred specially, as follows: "It is a conclusion; it does not set forth specifically the act complained of. The allegations in said paragraph are not sufficient to be the basis of a recovery against these defendants." The judge ruled that he would sustain this special demurrer "unless the plaintiff amend by alleging specific acts that it is contended that the defendants did that caused the ditch or canal to become obstructed and fill up with sand and other debris in places." The plaintiff, to comply with this ruling, amended paragraph 14 by adding, after the word "places," the following: "and by allowing cattle to go into and across said ditch and trample on and cave in the banks thereof, and by constructing wire fences across said ditch, on which accumulated trash and limbs, and by cutting and felling into said ditch brushes and brush thereby." After this amendment had been allowed, the defendant renewed his special demurrer to the

paragraph as amended, and it was sustained and the paragraph was stricken. To this judgment the plaintiff excepted pendente lite; and assigned error thereon in his main bill of exceptions.

In our opinion the court erred in sustaining this special demurrer and in striking this paragraph of the declaration. The paragraph alleged physical facts and was not subject to that ground of the special demurrer which set up that it stated mere conclusions. Nor was the paragraph defective because it failed to set forth specific acts that Roberts did to cause the channel to become obstructed. The very language of the pleader; in this paragraph, to wit, "he [Roberts] negligently allowed said ditch or canal to become obstructed and filled up with sand and other debris in places," negatives the idea that the plaintiff intended to charge Roberts with any *overt* acts of commission. Instead, it shows in this paragraph that he bases his suit upon acts of omission by Roberts, in negligently allowing or permitting the canal to become obstructed and unable to carry the waters of the creek. To set forth a cause of action it was not necessary to allege *overt* acts of negligence on the part of Roberts. See, in this connection, *Mayor &c. of Savannah* v. *Cleary,* 67 *Ga.* 153; *Sharp* v. *Parker,* 108 *Ga.* 805 (34 S. E. 135) ; *City of Augusta* v. *Lombard,* 93 *Ga.* 284 (20 S. E. 312) ; *Parrish* v. *Parrish,* 21 *Ga. App.* 275 (94 S. E. 315) ; 40 Cyc. 659, 661, 663. Certainly, after the amendment to paragraph 14 had been allowed, the paragraph was not subject to the demurrer. Paragraph 14 was a very material portion of the petition, and the error in striking that paragraph rendered the further proceedings in the case nugatory.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*