# CHARLESTON

ATKINSON *et al.* v. CHESAPEAKE & OHIO RY. Co.

Submitted June 23, 1914.    Decided June 30, 1914.

1. WATERS AND WATER COURSES—*Obstructions—Liability.*
    One can not negligently obstruct or divert the water of a natural course to the injury of another without liability. (p. 633).

2. NEGLIGENCE—*Act of God.*
    That which reasonable human foresight, pains, and care should have prevented can not be called an act of God. (p. 634).

Error to Circuit Court, Logan County.

Action by Elvessia P. Atkinson and others against the Chesapeake & Ohio Railway Company. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Enslow, Fitzpatrick, Alderson & Baker,* for plaintiff in error.

*Chafin & Bland,* for defendants in error.

ROBINSON, JUDGE:

Damages in the sum of five hundred dollars having been awarded plaintiffs against defendant, the latter complains of error.

The ground of action is the diversion of water from its natural course to the injury of plaintiff's land. There is evidence from which the jury were warranted in finding that defendant negligently maintained an insufficient and im-

properly constructed culvert for the passage of water in its natural course under a railroad fill, and that the maintenance of such a culvert caused the water to become dammed up and to flow out of its course over plaintiffs' land. And as to the extent of the injury there is evidence warranting the jury in finding the sum which they returned. One can not negligently obstruct or divert the water of a natural course to the injury of another without liability. *Neal* v. *Railroad Co.*, 47 W. Va. 316.

Defendant submits that on the occasion of the particular injury complained of an extraordinary rain caused the culvert to become stopped up so that the water overflowed plaintiff's land. It says that the injury was caused by a thing that could not possibly have been forseen—by an act of God. But the evidence warrants the conclusion that the extraordinary rain would not have proved harmful to plaintiffs if defendant had observed its duty to exercise reasonable care in the maintenance of a culvert commensurate with the size of the water course and with the area and character of the country that it must naturally drain. So we may say that it was not an act of God that injured plaintiffs, but the act of defendant in neglecting to provide that which prudence dictated as necessary for the passage of the water under the fill in the natural course at times of heavy rains. Though the rain was extraordinarily heavy, a culvert suitable for ordinary rains would have prevented injury to plaintiffs. Such is a conclusion fairly warranted by the evidence. If the defendant had done that which reasonable care and foresight dictated it should do, plaintiffs would not have been injured even though the rain was so extraordinary that the sending of it must be considered an act of God. It was human intervention that primarily caused the injury. That which reasonable human foresight, pains, and care should have prevented can not be called an act of God. *McGraw* v. *Railroad Co.*, 18 W. Va. 361; 1 Cyc. 758.

There is no prejudicial error shown by the record. The judgment will be affirmed.

*Affirmed.*