# CHARLESTON.

STELLA WILLIAMS v. COLUMBUS PRODUCING CO.

Submitted September 5, 1917.   Decided September 25, 1917.

1. NEGLIGANCE—*Proximate Cause—Concurent Negligence.*

   No liability attaches to anyone for damages sustained by reason of the acts of God and the forces of nature, but a party whose wrongful acts co-operate with, augment or accelerate those forces to the injury of another is liable in damages therefor. (p. 684).

2. WATERS AND WATER COURSES—*Diversion and Overflow—Proximate Cause—Concurrent Negligence.*

   One who erects such a structure in a stream as because of the character of the structure or the stream it can be seen, or reasonably contemplated, that damage will likely result therefrom to another, is negligent; and if the current of said stream becomes so obstructed, by reason of such structure being washed down in said stream, that the water therein is diverted from its ordinary channel and destroys the property of another, the party erecting such structure will be liable in damages, notwithstanding such structure may have been destroyed by an extraordinary flood. (p. 685).

Case Certified from Circuit Court, Kanawha County.

Suit by Stella Williams against the Columbus Producing Company.   Demurrer to declaration sustained, and question certified.

*Demurrer overruled, and cause remanded.*

*H. W. Houston* and *J. H. Hundley,* for plaintiff.

*Koontz & Hurlbutt,* for defendant.

RITZ, JUDGE:

This suit was brought to recover damages resulting from the washing away of plaintiff's house by an extraordinary flood on Cabin Creek in August, 1916.   It is charged in the declaration that the defendant was operating for oil upon Cabin Creek above the premises owned by the plaintiff, and that as part of its operations it constructed an oil rig and two large tanks in the bed of said creek near the upper end

of the village of Miami, in which the plaintiff's property was located. It charges in the first count that the construction of this rig and these tanks in the bed of said creek was a negligent and careless act, and in the second count it is charged that the said structures were negligently and carelessly built upon weak and insecure foundations, to which they were insecurely fastened. The allegation then is in both counts that an extraordinary flood in 1916 carried debris and other material against this rig and these tanks, causing the same to fall in the bed of Cabin Creek, diverting its waters through the town of Miami, and washing away and destroying the residence of the plaintiff. A demurrer to the declaration and to each count was sustained, and the sole question here is the sufficiency thereof.

The ground of the demurrer is that the declaration shows on its face that the injury suffered by the plaintiff was due to an act of God, to-wit, the extraordinary flood on Cabin Creek. The plaintiff admits that said flood was an extraordinary one such as could not reasonably be contemplated by the parties, but she insists that the defendant is liable notwithstanding this fact. It will be observed that the declaration charges that the erection of this rig and these tanks in the bed of Cabin Creek was negligent. This, it is true, is an allegation in general terms, but, as we have repeatedly held, it is sufficient on demurrer. *Grass* v. *Development Co.,* 75 W. Va. 719 and authorities there cited. On demurrer every reasonable inference must be drawn from the facts stated in the declaration in order to support the same. It may be that the character of the structures erected by the defendant was such that it was negligence to erect them; it may be that this creek was of such character and volume that it was negligence to erect such structures therein. This allegation of negligence must be construed to mean that a person of ordinary prudence would not have erected such structures in the bed of Cabin Creek; that the conditions which could reasonably be contemplated were such that injury to others might be expected to result therefrom.

It thus appearing from the declaration that the defendant was negligent in erecting these structures in Cabin Creek,

is it relieved from liability because the flood which washed the structures down, whereby the water was diverted from the channel, was one of extraordinary proportions, such as could not reasonably be contemplated? It is quite true that one is not liable for an injury caused by an act of God, but if the negligence of the defendant concurred with such act in producing the injury, or in any manner contributed thereto, then liability exists. In order to excuse upon the ground that the injury was caused by an act of God it must appear that such was the sole cause. *Atkinson* v. *Ry. Co.*, 74 W. Va. 633; Shearman & Redfield on Negligence, §39; Sutherland on Damages, §38. In the case of *Moore* v. *Townsend*, 76 Minn. 64, the defendant caused a long ladder to be placed against his building, the foot of the same resting on the outside of the sidewalk. This ladder was blown down by an extraordinary wind storm and fell on the plaintiff, injuring him. The defendant contended that he was not liable in damages for the injuries sustained because the wind storm was such as could not reasonably be contemplated, and the injury was therefore the result of an act of God. The court, however, held that there was liability, concluding that the negligence of the owner of the building in allowing the ladder to be inclined across the walk was a proximate cause substantially contributing to the injury.

In *Axtell* v. *Northern Pac. Ry. Co.*, (Idaho) 74 Pac. 1075, it was held that no liability attaches for damages sustained by reason of the acts of God and the forces of nature, but one who by his wrongful acts augments, diverts or accelerates those forces in such a manner as to injure another is liable in damages therefor. So in this case it may be said that the defendant would not be liable for the destruction of the plaintiff's property by the extraordinary flood on Cabin Creek, but if it intervened, as is charged in the declaration here, and dammed up the waters, and caused them to be diverted from their natural channel so that the plaintiff's property was washed away, it cannot be said that the extraordinary flood was the sole cause of the injury. Under the allegations of this declaration it cannot be said that the plaintiff's property would have been damaged whether the struc-

tures erected by the defendant had been erected or not, for the allegation is that the water was diverted from the channel by reason of the obstruction of the same by defendant's structures, and the only reasonable inference from this allegation is that if the structures erected by the defendant in the channel had not been there the water would not have been diverted from its natural course. We think the declaration sufficiently shows that the construction of this rig and these tanks in the bed of the creek was negligence which contributed to, if it did not cause, the plaintiff's injury. Where this is the case there is a right of recovery. 1 Corp. Jur. 1174; *Kirby* v. *Wylie,* 108 Md. 501; 21 L. R. A. (N. S.) 129; *Michaels* v. *R. R. Co.,* 30 N. Y. 564; *Wald* v. *R. R. Co.,* 162 Ill. 545; *Scott* v. *Hunter,* 46 Pa. St. 192; *The Majestic,* 166 U. S. 375.

The authorities cited holding carriers liable for the loss of goods are instructive as showing that *vis major* cannot be relied upon to excuse the performance of the carrier's duty where there is any other contributing cause. It must be borne in mind in applying such authorities to this case that a carrier of goods is in a sense an insurer and is therefore held liable whatever the co-operating or contributing cause, while in a case like this, to fix liability upon the defendant its negligence must co-operate with the act of God to produce the injury.

The demurrer to the declaration will be overruled and the cause remanded.

*Demurrer overruled, and cause remanded.*