# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## RUSSELL A. SEAY V. COMMONWEALTH.

### March 15, 1923.

1. ASSIGNMENT OF ERRORS—*Instructions—Objections to Giving or Refusing Instructions where the Record does not Show what Other Instructions are Given—Presumption that Jury was Properly Instructed.*—Where the record does not clearly show all of the instructions, there is a presumption that the jury were properly instructed, and an assignment of error that the court erred in giving or refusing an instruction will not be considered.

2. INTOXICATING LIQUORS—*New Trial—Evidence Sufficient to Sustain Verdict of Conviction.*—In the instant case the evidence introduced by the Commonwealth showed that the accused was guilty of the illegal sale of liquor, while that introduced by the accused showed that he was guilty of the illegal gift of whiskey.

   *Held:* That in either event a conviction was plainly right.

Error to a judgment of the Hustings Court of the city of Richmond.

*Affirmed.*

The opinion states the case.

*Percy S. Smith,* for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

[1] The writ of error in this case was granted because of the mandatory statute, which has since been repealed. The record presents no doubtful question.   One as-

signment or error urges that the court erred in giving an instruction for the Commonwealth, while another insists that it erred in refusing to give a certain instruction for the accused; but inasmuch as the record does not show, either in terms or by clear inference, that no other instructions were given, neither of these assignments can be considered. When the record does not clearly show all of the instructions, there is a presumption that the jury were properly instructed. *Lyle Milling Co.* v. *Holt & Co.*, 122 Va. 572, 95 S. E. 414; *Harris* v. *Commonwealth*, 133 Va. 700, 112 S. E. 753.

[2] The other assignment is that the verdict is contrary to the law and the evidence. As to this it is sufficient to say that the evidence introduced by the Commonwealth shows that the accused was guilty of the illegal sale of liquor, while that introduced by him shows that he was guilty of the illegal gift of whiskey. In either event, the conviction is plainly right.

*Affirmed.*