# CHARLESTON.

## STATE v. SHERMAN KINCAID

(No. 5897)

Submitted October 18, 1927.   Decided October 25, 1927.

1. RAPE—*Indictment for Rape of Female, Under Age of Sixteen Years, Drawn Under Sec. 15, Chapter 144, Code, Not Demurrable on Ground That it Failed to Allege Assault Feloniously Made, Where it Did Allege Assault Unlawful, and Made With Intent Said Prosecutrix Then and There to Ravish and Carnally Know, Said Defendant Did Then and There, in Manner Aforesaid, ·Unlawfully and Feloniously Ravish and Carnally Know Prosecutrix.*

   An indictment for the rape of a female, under the age of sixteen years, drawn under Sec. 15, Chapter 144, Code, is not demurrable on the ground that it failed to allege that the assault was feloniously made, where it did allege that the assault was unlawful, and made with intent the said prosecutrix then and there to ravish and carnally know, and that the said defendant did then and there, and in the manner aforesaid, unlawfully and feloniously ravish and carnally know the prosecutrix.   (p. 398).

2. CRIMINAL LAW—ADMISSION OF EVIDENCE—*In Such Case, Where Wife of Prisoner, Who Had Been Called as Witness on Husband's Behalf and Asked on Re-direct Examination Regarding Ages of Their Three Children, Thereby Establishing Prisoner's Age Over Sixteen Years, Was Recalled by State Examined Further as to Defendant's Age, Testimony so Elicited by State Later Stricken From Record and Jury Told to Disregard it, Held, Not to Constitute Error.*

   In such case, where the wife of the prisoner, who had been called as a witness on her husband's behalf and asked on re-direct examination regarding the ages of their three children, thereby establishing the prisoner's age to be over sixteen years, was recalled by the State and examined further as to the defendant's age, and the testimony so elicited by the State was later stricken from the record and the jury told to disregard it, *Held* not to constitute error.   (p. 399.)

3. CRIMINAL LAW—COMMENT ON FAILURE TO TESTIFY—*A Case Wherein Statement Made by Prosecuting Attorney in Argument Before Jury to the Effect "That State Had Proven*

*Defendant Had Had Sexual Intercourse and Carnal Knowledge of Prosecuting Witness, at Page, Thurmond, Charleston and Huntington, and Said Evidence Had Not Been Denied", But Without Allusion to Defendant's Failure to Testify, Does Not Come Within Inhibition of Sec. 19, Chapter 152, Code.*

A case wherein a statement made by the prosecuting attorney in his argument before the jury to the effect "that the State had proven that the defendant had had sexual intercourse and carnal knowledge of the prosecuting witness, at Page, Thurmond, Charleston and Huntington, and that said evidence had not been denied", but without allusion to defendant's failure to testify, does not come within the inhibition of Sec. 19, Chapter 152, Code.    (p. 398.)

4.    INSTRUCTIONS—*Instructions Must be Read as Whole, and if When so Read, it is Apparent They Could Not Have Misled Jury, Verdict Will Not be Disturbed, Though One of Said Instructions May Have Been Susceptible of Doubtful Construction While Standing Alone.*

Instructions must be read as a whole, and if, when so read, it is apparent they could not have misled the jury, the verdict will not be disturbed, though one of said instructions may have been susceptible of a doubtful construction while standing alone.    (p. 402.)

Error to Circuit Court, Fayette County.

State against Sherman Kincaid. Verdict for plaintiff, defendant brings error.

*Affirmed.*

*Howard B. Lee,* Attorney General, and *J. L. Wolfe,* Assistant Attorney General, for the State.

*C. W. Osenton* and *John T. Simms,* for plaintiff in error. ·

WOODS, JUDGE:

Sherman Kincaid, a married man about forty years old, was tried and convicted in the circuit court of Fayette County on the charge of statutory rape of one Gladys Lucas, alleged at the time to be under the age of sixteen years. The jury having recommended mercy, the defendant was sentenced to seven years in the penitentiary.

There is no question but that there is ample evidence to support the verdict and that the same should stand, providing

the errors assigned have not prejudiced the defendant or infringed upon his constitutional guaranties. *State* v. *Barker,* 92 W. Va. 583. The prosecuting witness delineated a number of specific instances of illicit intercourse with defendant— the first in June or July, 1925, and the last in May 1926. Other witnesses for the State testified to circumstances tending to show an intimate relationship between the prosecuting witness and the defendant, as well as the fact that the prosecuting witness was retained as a domestic in defendant's household at intervals from May 1924 to 1926. The wife of the accused was placed on the stand and testified concerning the age of the prosecuting witness.

The indictment is alleged to be defective in this, that it does not charge that the assault was feloniously made. However, it does charge that the defendant, a male person over the age of sixteen years, in and upon one Gladys Lucas, a female not his wife, *under the age of sixteen years,* did unlawfully make an assault, with intent her, the said Gladys Lucas, then and there to ravish and carnally know, and that the said defendant did then and there, etc., *and in the manner aforesaid, unlawfully and feloniously ravish and carnally know the said Gladys Lucas.* Thus it will be seen that the substantive offense of rape, on which the defendant was convicted, was properly laid and charged as having been feloniously committed.

The defendant contends that he has been denied the benefit of due process of law, by reason of the court's action in (1) permitting the State to call his wife as a witness against him, without his consent, and over his objection; and (2) refusing to instruct the jury to disregard a statement made by the prosecuting attorney in his argument before the jury to the effect "that the State had proven that the defendant had had sexual intercourse and carnal knowledge of the prosecuting witness, Gladys Lucas, at Page, Thurmond, Charleston and Huntington, and that said evidence had not been denied."

The rigor of the common law rules of evidence inhibiting the testimony of the accused in his own behalf, and the testimony of the wife for the husband, has been taken away by our statute. Sec. 19, Chapter 152, Code. After providing

that the accused shall, at his own request (but not otherwise), be a competent witness on the trial, the statute authorizes the wife or husband to testify upon request of the accused, and provides that nothing in the section shall be construed as being compulsory upon either husband or wife, and that a failure to make such request by either party shall not create any presumption against him or her. This same section ends with the prohibition: "Nor shall any reference be made to nor comment upon such failure by any one during the progress of the trial in the hearing of the jury." In the present case, the husband had his wife called to the stand for the purpose of contradicting the prosecutrix and her mother regarding the prosecutrix's age. After cross-examination by the State, the defendant's counsel questioned her on re-direct examination, as follows: "Q. How old are your children, Mrs. Kincaid? A. One fifteen; one is thirteen, and one is eleven. MR. OSENTON: That is all. MR. LOVE: If the Court please, I want to recall Mrs. Kincaid for just one question. THE COURT: All right. MR. LOVE: What is the age of your husband? A. What is the age of my husband? Q. Yes; ma'am. A. Forty. Q. Your husband is S. L. Kincaid? A. Yes, sir. MR. OSENTON: That is not responsive. It is like the other, and I move to exclude it, if the Court please—the last two questions and answers. Motion overruled; exception by defendant. MR. LOVE: And is your husband sometimes known as Sherman Kincaid? MR. OSENTON: Objected to. A. Yes, sir." At the conclusion of the evidence, the four last questions and answers quoted were, on motion of the State, stricken from the record, and the jury instructed to disregard the same. Other evidence was before the jury to show the age of the defendant, as well as the presence of the accused himself. Common observation would show the jury that he was over sixteen years, the age provided by the statute. Sec. 15, Chapter 144, Code. The evidence of the wife brought out by counsel for the prisoner conclusively proves this fact. Ordinarily, when a witness is placed upon the stand, he is there for all purposes. So, in view of the scope of the examination made by counsel for the accused, the questions here propounded by the State might

be within the bounds of legitimate cross-examination. But, even if not, it is not of such a character as to prejudice the prisoner's cause before the jury, especially in view of the court's specific instruction to disregard it. The general rule is that such withdrawal cures error, unless it plainly appears that the evidence must have made such an impression on the jury that it could not be eradicated. *State* v. *Hill,* 52 W. Va. 296; *Moore* v. *Harper,* 42 W. Va. 39; *Throckmorton* v. *Holt,* 180 U. S. 552.

Next in order we will consider the effect of the remarks made by the attorney for the commonwealth in his argument to the jury. Did they violate the provisions of the statute inhibiting any reference or comment upon the failure of the prisoner to testify? The prosecuting attorney was merely stating a patent fact adduced from the evidence. He did not in terms refer to the prisoner. His remarks could have applied to evidence other than that of the defendant that might have been introduced on his behalf, going to show that the opportunity was not had for such intercourse at the times and in the places mentioned in the State's case. The Supreme Court of Virginia held that it was not a violation of this section for the prosecuting attorney to remark that the prisoner had not accounted for his whereabouts at the time of the homicide in question, nor for his flight from the state. *Sutton* v. *Commonwealth,* 85 Va. 128. A much stronger case than the present one. The cases cited and relied on by counsel for the defendant in their able brief are not controlling here, since specific reference is made in each to the failure of the prisoner to testify. So it was in the leading case. *Yarbrough* v. *State,* 70 Miss. 593. Must the attorney for the State refrain from directing the minds of the jurors to the fact that the State's witness stands uncontroverted? The statute was intended to protect the prisoner from comment upon his failure to testify. Much depends upon the setting of these words in the argument. Isolated, we are asked to interpret their meaning. The learned Judge, with full knowledge of the inhibition of the statute, evidently did not understand the remarks complained of as having reference to the failure of the accused to testify. To give them the construction contended for by

the defendant would be to fetter the prosecution in its argument in all criminal cases where the defendants fail to go upon the stand. Then there is the presumption that the jury was instructed as to the prisoner's rights under this statute. The record discloses the fact that the court gave all the instructions requested by him; but he has not brought them here on appeal. In such case this court must presume that the jury was properly instructed on his behalf. *Simpson* v. *Commonwealth,* 135 Va. 746; *Seay* v. *Commonwealth,* 136 Va. 675.

Under the indictment it was necessary for the jury to find the prosecuting witness under the age of sixteen years at the time of the illicit intercourse. The court, at the instance of the State, gave an instruction which the defendant claims assumed the fact that the prosecuting witness was under the age of sixteen years—a material fact which must be proven. This instruction, which is rather crudely drawn, after telling the jury that the age of consent under the law is sixteen years, and that if they believe from the evidence beyond all reasonable doubt that defendant, in Fayette County, on a certain date, had intercourse with and carnally knew the prosecuting witness "she being a female, and at the time under the age of sixteen years", and that she was not his wife, and that defendant at the time of the intercourse was a male person over the age of eighteen, that the offense was rape, whether committed with or without the consent of the prosecuting witness. Counsel in their brief state: "The prejudicial error in this instruction is the parenthetical phrase contained therein, 'she being a female person, and at the time under the age of sixteen years'." But is the expression or any part of it above quoted parenthetical? The inflection of the voice, etc., all go to determine whether a phrase is parenthetical or not. And in the present case, where it seems that the court intended to correctly propound the law, as evidenced by its rulings throughout the trial, we doubt very much the soundness of such a construction. The expression "and at the time under the age of sixteen years" taken with the remainder of the instruction seems to be sufficient to tell a jury of ordinary intelligence that they must find from the evidence that

she was at the time under the age of sixteen years. And especially is this true in view of the fact that the court on its own motion specifically instructed the jury that the burden was upon the State to prove to a moral certainty and beyond a reasonable doubt that at the time of the alleged rape charged in the indictment against the defendant the prosecuting witness was under the age of sixteen years, and, unless such fact was proven and established beyond all reasonable doubt, they should find the defendant not guilty. And the court in another instruction told the jury that they must believe and find from all the evidence, beyond a reasonable doubt, first, that the defendant was guilty of having committed sexual intercourse with the prosecuting witness sometime prior to the finding of the indictment, and second, that they must further believe and find from all the evidence beyond a reasonable doubt that at the time of such sexual intercourse the prosecuting witness was under the age of sixteen years, and if the jury, or any member thereof, entertained a reasonable doubt as to whether the defendant was guilty of having committed sexual intercourse with the prosecuting witness or whether at the time thereof she was under the age of sixteen years, then they could not legally find the defendant guilty. It will be noted that the first act of sexual intercourse was laid as having been committed at Page, Fayette County, in June or July, 1925. According to any view of the testimony this would have been before she was sixteen years of age. The instructions must be read and interpreted as a whole. Can it be said, in view of all this, that the instruction complained of misled the jury to the prejudice of the defendant's rights?

Perceiving no error in the case for which the same should be reversed, we therefore affirm the judgment.

*Affirmed.*