# CHARLESTON.

STATE *v.* ALBERT "DUTCH" NAZEL

(No. 6707)

Submitted October 28, 1930. Decided November 12, 1930.

*Via, Hardwick & Quinlan,* for plaintiff in error.

618

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Defendant was found guilty in the court of common pleas of Cabell County of an offense under section 10, chapter 151, Code, which makes it unlawful for any person to ''set up or promote, or be connected with or interested in, the management or operation of, any pool room,'' within the definition of said section, and sentenced to six months in jail and fined $1,000.00. His petition to the circuit court of said county for a writ of error was refused; hence this writ.

The principal errors go to the sufficiency of the indictment, the admission and sufficiency of the proof offered thereon, and certain statements made by the prosecuting attorney and his assistant during the argument.

The jury's verdict was ''not guilty'' as to the first count, and ''guilty'' as to the second. The second count, with which we are concerned here, is in words and figures following: ''And the grand jurors aforesaid, on their oaths aforesaid, do further present that the said Albert Dutch Nazel on the 3rd day of June, 1929, in the county aforesaid, did unlawfully set up and promote and was connected with and interested in, the management and operation of a certain pool room in the City of Huntington where chances, and pool tickets, vouchers, certificates and written symbols for identification were made out for the benefit of divers persons, for a money consideration bet and wagered by them, whose names are to the grand jurors unknown, and which said chances, pool tickets, vouchers, certificates and written symbols for identification, purported to entitle the persons for whose benefit the same were made out, to various sums of money, contingent upon the results of horse races, bet and wagered by such persons for whose benefits said chances, pool tickets, vouchers, certificates and written symbols for identification were made out, upon the results of said horse races, the results of which said horse races were then and there obtained by means of an electrical telegraph device, against the peace and dignity of the State.''

Is the foregoing count good on demurrer? The reference to the first count is sufficient to supply venue. *State* v. *Vaughan,* 93 W. Va. 419. Any room equipped with an electrical device, for obtaining results of horse races, etc., and tickets, entitling holders to money, contingent upon results of races, etc., is a pool room within the meaning of the statute. The count sufficiently sets up the existence of such a room. The fact that tickets were made out for a money consideration bet and wagered, and that written symbols for identification were used in place of tickets, etc., are matters of proof, and allegations to that effect are mere surplusage, so far as the sufficiency of the indictment is concerned. The count under consideration sufficiently advised the defendant of the offense, and is substantially in the language of the statute. We are of opinion that the same is sufficient. *State* v. *Foster,* 21 W. Va. 767, 771; *State* v. *Boggess,* 36 W. Va. 713; *State* v. *Pennington,* 41 W. Va. 599.

The state introduced six witnesses; the defendant none. During the course of the trial, numerous objections and motions to strike were interposed. These were made on the assumption that the defendant's connection with the management and operation had not been proved. However, we see no merit in this point, since the evidence of the first four witnesses was definitely connected up by that of the last two. One of the latter testified that he, as an employee of the C. & P. Telephone Company, had installed an electrical printing device for General News Company as Albert Nazel, subscriber, in the building in which the preceding witnesses had gone for the purpose of betting on horse races, and that he took the instrument out of the place during the week of the trial; the other, that he had visited the room at various times when the defendant was there; that he had bet on horses several times; and that, after filling in the name of the horse, etc., on the ticket or paper, most of the time he gave the ticket and the money to defendant. There was evidence of bets having been placed on particular horses, and of the receipt of money by reason of the result of the races. All of the witnesses, except the one who installed the machine, saw defendant in the enclosure with the others who took and paid out money. The

jury were fully instructed at the instance of the defendant; the State offered no instructions. We think the evidence, as a whole, was sufficient to sustain the verdict of the jury. The fact that a specific date was given in the indictment did not limit the state to proof of an offense on that date. The offense was clearly proved to have been within one year next preceding the finding of the indictment.

After the assistant prosecuting attorney had closed his argument, the attorneys for defense called the court's attention to the fact that a statement had been made therein that "if the court was not of the opinion that this case was sufficient to go before the jury, he would have sustained a motion to direct a verdict of not guilty," and interposed an objection thereto. Thereupon the court warned counsel against such statements and explained that the court's not taking the case from the jury was not to be considered by them; that whatever ruling the court had made was not for them, and should not influence, in any way, the verdict. The instructions in the case were very explicit as to just what should be proved to warrant a conviction. We cannot see that the defendant, under the circumstances, has been prejudiced thereby.

The prosecuting attorney stated that "not a single witness has been introduced by the defendant here to controvert those facts." This remark the court refused to strike out. The jury had already been instructed that the fact that the defendant did not go upon the stand to testify in his case in his own behalf was not to be looked upon or construed as any evidence or even a circumstance showing or tending to show any guilt on his part. This Court held in the case of *State* v. *Kincaid,* 104 W. Va. 396, that a statement made by the prosecuting attorney in his argument before the jury to the effect "that the State had proven that the defendant had had sexual intercourse and carnal knowledge of the prosecuting witness, at Page, Thurmond, Charleston and Huntington, and that said evidence had not been denied," no allusion having been made to defendant's failure to testify, did not come within the inhibition of section 19, chapter 152, Code. There is nothing in the record tending to show that the statement came within the inhibition of the statute.

Perceiving no prejudicial error in the trial of this case, we affirm the judgment.

*Affirmed.*