M. V. *and* O. C. MITCHELL *v.* THE VIRGINIAN RAILWAY COMPANY

(No. 8143)

Submitted September 24, 1935. Decided December 14, 1935.

HATCHER and KENNA, JUDGES, dissenting.

*W. L. Lee* and *John R. Pendleton,* for plaintiff in error.
*Dillon, Mahan & White,* for defendants in error.

LITZ, PRESIDENT:

In separate actions at law, tried together by agreement of the parties, O. S. Mitchell and M. V. Mitchell (husband and wife) obtained separate judgments of $500.00 and $250.00, respectively, against The Virginian Railway Company for damages to real estate and personal property resulting from flood waters in Loup Creek, Fayette County, June 28th and July 11, 1932.

M. V. Mitchell owned a small house and lot at Kincaid, in Fayette County, and O. S. Mitchell, her husband, was the owner of certain personal property located in the house and garage situated on the land. About four hundred feet down stream from the Mitchell property, the railroad crosses Loup Creek on a bridge, constructed in 1903. Plaintiffs contend that by reason of insufficient clearance of the bridge above the bed of the creek, timber and other debris lodged against it causing the water to dam up on their property, while defendant insists that the clearance of the bridge was sufficient to accommodate all flood waters that might have been reasonably anticipated, and that the floods causing the damage were unprecedented, and therefore constituted ''an act of God'' for which it is not liable. According to the evidence, similar floods had occurred in 1861 and 1916. The testimony for plaintiffs shows that the clearance of the bridge has been

considerably reduced since its construction by the filling of the creek bed.

Defendant assigns error predicated upon alleged insufficiency of the evidence to support the verdict, but insists more strongly for reversal on the ground of improper instructions for plaintiffs.

A railroad company, in constructing bridges, trestles or culverts over a water course must provide for such floods as may be reasonably anticipated in view of the history of the stream and the natural conditions affecting its flowage; and although the railway company may have used reasonable care in the original construction of the bridges, trestles or culverts, yet if subsequent developments prove that they are insufficient under the rule, it then becomes its duty to meet the changed conditions. 67 C. J. 706. "If, after the original construction of an obstruction and prior to the flood in question, other floods of a theretofore unprecedented character occur, demonstrating the faulty construction or the inadequacy of the waterway left by the obstruction, a new standard of obligation is erected and the duty arises to meet the new conditions thus established." 27 R. C. L. 1106. The evidence of the flood or floods prior to those complained of was, in our opinion, sufficient to support the issue as to whether or not the defendant should reasonably have anticipated the floods of June and July, 1932.

In *Gulf C. & S. F. Railway Co.* v. *McGowan*, 73 Tex. 355, 11 S. W. 336, defendant in error sought to recover damages resulting from floods in 1884 and 1885 because of an insufficient culvert maintained by the railway company. A similar flood had occurred in 1865. In reversing and remanding the case on an erroneous instruction, the court said: "It was required of the defendant to so construct its road, when built, as to meet the demands upon it as far as they could be then foreseen and provided for. If it negligently or unskillfully failed to do that, it was liable; but, on the other hand, if the evidence showed that, as the conditions existed, and could have been by the exercise of ordinary care and skill ascertained, at the time the culverts were constructed, they were then made sufficient, and, if nothing had occurred between

their construction and the date of the injury to plaintiff to develop their insufficiency, the defendant would not be responsible, notwithstanding they were in fact insufficient, as then, for the first time, developed, and notwithstanding such insufficiency in fact was acknowledged by the defendant, as then ascertained, by changing and enlarging them. Though constructed so carefully originally as to exempt defendant from liability, if subsequent developments proved them insufficient, it would then become the duty of defendant to improve them; failing in which, the original construction would not be a defense against an injury occurring after the defect became known.''

*Missouri K. & L. Railway Company* v. *Johnson*, 34 Okla. 582, 126 Pac. 567, was an action for damages resulting from a flood of October 21, 1908, by reason of insufficient clearance of a bridge built by the railway company in 1903, which was concededly sufficient to meet the flood condition then known, as well as that which might have been reasonably anticipated. A similar flood had occurred in May, 1908. In recognizing the validity of the claim, the court stated: ''If, however, after the original construction of the road, and prior to the flood in question here, other floods of an unprecedented character came, demonstrating the faulty construction of the roadbed, or the inadequacy of the waterway left under the bridge, then, if such was the case, a new standard of obligation was erected for the defendant, and it was its duty to meet the new conditions thus established.''

*Pittsburgh, Fort Wayne & Chicago Railway Co.* v. *Gilleland*, 56 Pa. St. 445, 94 Am. Dec. 98, involved a claim for damages resulting from flood waters, because of an insufficient culvert maintained by the railway company. In reversing a judgment on erroneous instruction, the court said: ''But the frequent recurrence of what was supposed to be extraordinary was some evidence that the real character of all these floods had been mistaken by those who testified as to their extraordinary character, and that they were really only ordinary freshets, though measuring up to the highest altitude of that class. It was proper, therefore, to submit this question

to the jury with instructions, if they so found the fact, to apply the rule as to ordinary freshets.''

In *Pahlka* v. *Chicago R. I. & P. Railway Co.*, 62 Okla. 223, 161 Pac. 544, recovery was sought for damage resulting from a flood in May, 1914, due to embankments and culvert constructed by the railway company. A similar flood had occurred in 1904. In reversing a judgment for the defendant, on an improper instruction, the court observed: ''The instruction overlooked the relations of a flood, extraordinary or otherwise, to the construction of the bridge and to any altered relations between the stream and structures; while all of the evidence showed that the bridge and embankment were constructed in the year 1905 or 1906, immediately following a similar flood and overflow in 1904, giving rise to a duty in the railroad company to contemplate and prepare for the recurrence of such a flood in the future.''

Defendant criticizes instructions 1, 5 and 6 granted on behalf of the plaintiffs. No. 1 told the jury, substantially, that it was the duty of the railway company in the construction of the bridge to provide for such unusual or extraordinary floods ''as it should have been anticipated occasionally would occur in the future because such unusual or extraordinary floods may have occurred in the past,'' and if there was an unprecedented flood in 1916 and the bridge ''caused such an obstruction that the lands above the same were overflowed by water,'' it was then the duty of the railway company to provide for the changed conditions; and that if ''an unusual, extraordinary flood came in the waters of Loup Creek'' June 28, 1932, which caused the bridge to be obstructed and the waters to flow over and injure the lands of the plaintiffs, ''the duty then arose to meet the new conditions thus established''; and if by reason of ''past occurrences the flood of July 11, 1932, was in reasonable contemplation and should have been anticipated and guarded against by the railway company, in the exercise of reasonable care, and that it had time and opportunity to do so,'' then the plaintiffs are entitled to a verdict for the amount of damages sustained by them, either from the flood of June 28, 1932, or the flood of July 11, 1932, or both. Although this instruction is lacking in simplicity and

clarity, we do not believe that it should be considered as a basis for reversible error, in view of a number of instructions granted on behalf of the defendant clearly defining its duty in the premises. If, when instructions are read as a whole, it is apparent that they could not have misled the jury, the verdict will not be disturbed, though one may be susceptible of a doubtful construction while standing alone. *State* v. *Kincaid*, 104 W. Va. 396, 140 S. E. 338.

Instructions Nos. 5 and 6 for plaintiffs are complained of upon the theory that they permit the jury to find for the plaintiffs although the damages may have resulted solely from an act of God. This position is due to a misconception of the instructions, which plainly condition the right of recovery upon the negligence of defendant proximately contributing to the damages. ''While it is the general rule that where rains are so unprecedented, and the flood caused thereby so extra-ordinary, that they are in legal contemplation the act of God, one obstructing a natural watercourse will not be held liable, it must appear, in order to give immunity under that rule, that the act of God is not only the proximate cause but the sole cause of the injury.'' 27 R. C. L. 1107. ''In order to excuse upon the ground that the injury was caused by an act of God it must appear that such was the sole cause.'' *Williams* v. *Columbus Producing Co.*, 80 W. Va. 683, 685, 93 S. E. 809, L. R. A. 1918B, 179.

The judgment is, therefore, affirmed.

*Affirmed.*

KENNA, JUDGE, dissenting:

I do not agree with the conclusion reached in the majority opinion to the effect that plaintiff's instruction No. 1 could not have misled the jury. In my opinion, the instruction is plainly erroneous and, instead of concluding that because other instructions correctly propounding the law of the case were given this particular instruction could not have misled the jury, I think that the Court should have applied the rule that a correct instruction given does not cure the error committed in giving an erroneous instruction upon the same subject.

The instruction in question, with those parts underscored which I believe plainly show its confusing and misleading character, is as follows:

"The Court instructs the jury that it was the duty of the defendant Railway Company, in construction and maintaining its railroad bridge over the waters of Loup Creek, below the properties of the plaintiffs so as to provide not only for the flow of all water that could be carried in the channel, and such floods as might occasionally occur in the waters of said creek, but likewise to provide for such unusual or extraordinary flood, as it should have been anticipated occasionally would occur in the future, *because such unusual or extraordinary floods may have occurred in the past,* and if you believe from the evidence in this case that on or about the year 1916 there was an unusual and unprecedented flood in the waters of Loup Creek, and that the bridge in question caused such an obstruction that the lands above the same were overflowed by water, the duty then arose upon the said Railway Company to meet such conditions thus established by said flood. And *if you further believe from the evidence that an unusual, extraordinary flood came in the waters of Loup Creek on the 28th day of June, 1934* (1932) which caused said bridge to be obstructed and to cause the waters of Loup Creek to flow on and over the lands of the plaintiffs, and do damage and injury thereto, the duty then arose to meet the new conditions thus established, and if you believe from the evidence in this case that the Railroad Company had an opportunity to meet these conditions and did not do so, and *that by reason of past occurrences the flood of July 11, 1932,* was in reasonable contemplation, and should have been anticipated and guarded against by the Railroad Company, in the exercise of reasonable care and that they had the time and opportunity to do so, and failed and refused to do so, then you should find for the plaintiffs in the amount of the damages sustained by them, *either from the first flood of June 28, 1932, or the second flood of July 11, 1932, or from both,* as you may believe from the evidence that there has been a dereliction of duty by the defendant, as above set forth, which caused or directly contributed to causing such damage or injury."

This instruction is in binding form. It will be observed that the first sentence tells the jury that it was the duty of the defendant in constructing its bridge over Loup Creek to provide for unusual and extraordinary floods that might occur in the future because such unusual and extraordinary floods *may have occurred in the past.* The fact that the sentence refers also to a flood that actually did occur in 1916 does not circumscribe the latitude given to the jury by the erroneous statement of the rule contained in the other part of the sentence. One who builds a bridge across a stream is chargeable with a high degree of care lest his conduct increase *the violence or extent of nature's forces to the injury of* another. Nevertheless, the standard of his care is not what *may* have occurred in the past but what actually *did* occur in the past. To say that he must guard against extraordinary floods because extraordinary floods *may* have occurred in the past, to my mind, makes the basis of recovery a mere matter of conjecture, and leaves the conjectural solution of the problem altogether in the hands of the jury without the possibility of guidance from the court. If this occurs, then caprice may be substituted for law.

The second sentence of the instruction tells the jury that if they believe an extraordinary flood occurred in the waters of Loup Creek on the 28th day of June, 19*34*, (1932), the duty devolved upon the railroad company to meet the conditions established by that flood, and that if by reason of past occurrences the flood of July 11, 1932, was in reasonable contemplation and should have been guarded against in the exercise of reasonable care, then the jury should find for the plaintiffs the damage sustained from the first flood of June 28, 1932, or from the second flood of July 11, 1932, or from both. Dealing with the sentence in which this language occurs as separate and apart from the first sentence of the instruction, it is readily seen that the effect is to make the flood of June 28, 1932, the standard by which a recovery may be had for the flood of June 28, 1932. In pointing out the flood of June 28, 1932, as giving rise to the duty to guard against such conditions as it involved and then telling the jury that if by reason of past occurrences, the flood of July 11, 1932,

should have been anticipated and guarded against, then the jury may find for the plaintiffs the damage occasioned by *either* flood, is, I think, palpably misleading.

To read the instruction so as to relate the second sentence of the instruction back to the first sentence and thus to take into consideration the reference contained in the first sentence to the flood of 1916 would require an astute and expert grammarian. But conceding the very doubtful question that a jury might so interpret the wording of the instruction as a whole, and might thus clear up a part of the difficulty involved in the second sentence, that sentence is still not clear and contains an inherent vice. It tells the jury that if by reason of *past occurrences,* the flood of July 11, 1932, "was in reasonable contemplation, and should have been anticipated and guarded against by the Railroad Company," that then the jury may find damages for the plaintiffs in consequence of the flood of July 11, 1932, *or the flood of June 28, 1932.* In other words, if the flood of July 11, 1932, should have been anticipated and guarded against, then the verdict shall be for the plaintiffs for the damage occasioned by *either* flood or *both* floods, regardless of whether the flood of June 28, 1932, should have been anticipated and guarded against by the defendant.

Believing, as I do, that this instruction not only fails to set up the correct standard by which the plaintiffs may recover, but that it does in fact set up an entirely incorrect standard of recovery, in my judgment, its giving was both erroneous and prejudicial. For that reason, I think the judgment below should be reversed, the verdict set aside and a new trial awarded.

Judge Hatcher authorizes me to say that he concurs in the above views.