A. D. KENAMOND, Judge.
This claim filed on March 6, 1952 listed property damages to the amount of $1,514.01. When the case was heard on April 16, 1952, permission was given to amend the bill of particulars increasing the claim to $1,604.26. Damages alleged were to property bought and occupied by B. Stanley Gill in December, 1949, said property being located along state route 14, on Alum Creek, Washington district, in Kanawha county. In August, 1950, a flood in that territory overran the Gill property, resulting, as alleged, in considerable damages to claimants’ house and lot and to provisions and materials therein and thereon.
Counsel for claimants, in an opening statement, said this claim arises out of what they believed to be negligence on the part of the state road commission and its failure to remove from Alum Creek a rockslide, which caused the water to flow across the road and over and upon Mr. Gill’s property.
By agreement between counsel for claimant and counsel for respondent it was stipulated that the Alum Creek which runs along the side of state route 14 is part of the right-of-way of the state road commission, that the slide occurred quite some time before the damage to the property, and that the state road commission had notice of it.
B. Stanley Gill testified in his own behalf, and Clarence G. Wilson, a neighbor and experienced construction worker, appeared as a witness in behalf of the claimant.
The state offered no evidence in resistance of the claim. Though three witnesses for the state were sworn, they were not called on to testify.
*90 That the flooding of Alum Creek and resulting damage to the claimants’ property did not fall within the legally accepted “Act of God” category was shown by the testimony. A week later Alum Creek was more heavily flooded, but by this time the state road commission had removed the rock slide so that the creek carried the larger volume of water and the claimants’ property was not overrun. The court is constrained by the testimony to hold that the rockslide obstruction was the primary cause of damage to claimants’ property.
In numerous cases decided by our Supreme Court of Appeals individuals have been held liable in damages to another for obstructing the natural flow of a water course during freshets or ordinary flood. Citations from two of these decisions should suffice.
“For obstructing or diverting a water course, and thereby damaging another, the party is liable.” Neal et ux v. Ohio River R. Co., 47 W. Va. 316.
“One can not negligently obstruct or divert the water of a natural course to the injury of another without liability.” Atkinson et al. v. Chesapeake & Ohio Ry. Co., 74 W. Va. 633.
This court is of the opinion that a moral obligation is involved in the Gill claim, and, supported by the Supreme Court’s syllabus 2, Utterback v. Sims, 68 S. E. 2nd, 678, favors an award for an amount which in its best judgment is reasonably shown by the evidence to be compensatory for the damages sustained.
That the state road commission recognized an obligation to the claimant is shown by the fact that its agents agreed on September 21, 1950, to make partial reparation for damages, which agreement was not carried out. This partial reparation took into consideration only damages to claimants’ lot. State road agents made no inspection of damage to foundation of house and to contents of basement, nor any attempt to estimate the cost of their reparation or replacement.
*91 It is possible that claimant was damaged to the full extent of $1,604.26 as set forth in his amended bill of particulars. For the most part the various and several amounts were supported by cancelled check or bills for materials and labor. However, some of the lesser items, at least in part, appeared to the court to be of uncertain validity, and, in particular, the estimate of $500.00 for repair to house foundation and basement wall seemed not to be based on definitely determined requirements, whether basement wall would have to be replaced entirely or the existing wall could be repaired.
The court feels that eleven hundred ($1100.00) dollars is not an overestimate of the amount of damages sustained by the claimant and makes an award of that amount in his favor.