**UNION CARBIDE CORPORATION, a corporation, Appellant,**

v.

**Ernest FREDERICK and Catherine Ann Frederick, Appellees.**

**No. 7865.**

United States Court of Appeals Fourth Circuit.

Argued June 25, 1959.

Decided July 6, 1959.

**500**

Kingsley R. Smith and James M. Guiher, Clarksburg, W. Va. (Steptoe & Johnson, Clarksburg, W. Va., on the brief), for appellant.

James Cann and Joseph T. Michael, Clarksburg, W. Va., for appellees.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMSEN, District Judge.

THOMSEN, District Judge.

Defendant appeals from a judgment in favor of the plaintiffs for $4,433.78, entered after a trial before the court without a jury in an action for damages to plaintiffs' grocery store in Anmoore, West Virginia, arising out of a flood. Plaintiffs contend that defendant's alleged negligence in maintaining a floodgate and wire mesh fence over a stream near plaintiffs' store impeded the flow of debris-carrying flood water in that stream, causing the water to dam up and rise into plaintiffs' store. Defendant contends that the flood was an unprecedented act of God, and denies that any negligence on its part caused or con-

tributed to plaintiffs' loss. The findings of fact of the district judge are set out in his opinion, reported in 168 F.Supp. 808.

Although the evidence is conflicting, we cannot say that the district judge was clearly wrong in finding that the flood of August 5, 1956, at Anmoore, was not an unprecedented act of God. It was therefore the duty of defendant to anticipate the possibility of such an occurrence, and not to obstruct the stream in a manner which would increase the likelihood or extent of damage from such an occurrence. Atkinson v. Chesapeake & O. Ry. Co., 74 W.Va. 633, 82 S.E. 502; Williams v. Columbus Producing Co., 80 W.Va. 683, 93 S.E. 809, L.R.A. 1918B, 179; Mitchell v. Virginian Ry. Co., 116 W.Va. 739, 183 S.E. 35; Riddle v. Baltimore & Ohio R. R. Co., 137 W.Va. 733, 73 S.E.2d 793, 34 A.L.R.2d 1228; Thrasher v. Amere Gas Utilities Co., 138 W.Va. 166, 75 S.E.2d 376. Again, although there is a good deal of evidence from which the judge could have reached the opposite conclusion, we cannot say that the district judge was clearly wrong in finding that the obstruction created by defendant affected the flow of the flood water in Anmoore Run and contributed to the damage which plaintiffs sustained.

Under these circumstances the West Virginia law permits plaintiffs to recover from defendant the entire amount of their loss. American Coal v. DeWese, 4 Cir., 30 F.2d 349; Thrasher v. Amere Gas Utilities Co., supra; Williams v. Columbus Producing Co., supra. We do not reach the question whether defendant would be liable for the entire amount of the loss if the flood had been an unprecedented act of God. See American Coal v. DeWese, supra; Riddle v. Baltimore & Ohio R. R. Co., supra; 12 A.L.R. 1084, 1087; 25 W.Va.Law Q. at 144; 42 W.Va.Law Q. at 264.

In passing, we note our disapproval of appellees including in their brief a statement about settlement discussions at a pretrial conference, which are not a part of the record.

Affirmed.