### 24737. COLE et al, v. BRADFORD.

MacINTYRE, J. It is true that "it is the well-settled general rule that a riparian proprietor has a right to have the water of a stream flow down to his land as it is wont to run, in its natural mode and course, undiminished in quantity and unimpaired in quality" (27 R. C. L. 1091, § 30), and that, "as against riparian owners below, upper proprietors are entitled to have the water flow from their lands to the same extent" (27 R. C. L. 1093, § 30), and therefore that a lower riparian owner will not be allowed to do any acts such as are not necessary and legitimate for use and enjoyment of his abutting property and the business

lawfully conducted thereon; yet a riparian owner is *not* to be held responsible for the effects of the forces of nature, to wit, the vicissitudes of the weather, which may cause trees upon his land to become rotten and thereby break off and fall into the main channel of a watercourse, and he *owes no duty* either to a lower or to an upper riparian owner to remove these obstructions, so as to release water thereby caused to be backed over the land of an upper riparian owner; and therefore a failure to do so, even after notice, does not subject such owner to an action ex delicto for damages. It is true that a riparian owner is not to be allowed to "co-operate with, augment, or accelerate" (Williams *v.* Columbus Producing Co., 80 W. Va. 683 (93 S. E. 809)) the forces of nature to the injury of another riparian owner, and that because of an existing easement resting in the plaintiff upon adjoining lands to have the water flow as to natural quantity from his land (Angell on Watercourses, § 389) the defendant "would as to such naturally arising obstructions be bound . . to permit the plaintiff to enter upon his [defendant's] land after due notice, and at her [his] *own* expense (italics ours) clear away such naturally arising obstructions from the channels" (Harriman *v.* Finnan, 133 N. Y. S. 1034); and where the defendant refused to permit the plaintiff at his own expense to remove the obstruction an action for damages would lie, as was held in *Parrish* v. *Parrish*, 21 *Ga. App.* 275 (94 S. E. 315). However, an allegation, as contained in the present case, that the defendant refused to accept the proposition whereby he together with other riparian owners was to stand a *part* of the expense of the removal of such naturally arising obstruction does not bring the case within the principle last above announced; for no duty rested on him to remove the obstruction, and therefore he was under no duty to allow their removal at any expense to himself. The petition set up substantially the facts above described; and we are of the opinion that it failed to set out any cause of action against the defendant, and that the judgment overruling the general demurrer thereto was erroneous.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

DECIDED MARCH 12, 1936. REHEARING DENIED MARCH 31, 1936.

*H. H. Anderson,* for plaintiffs in error.
*W. B. Robinson, J. A. McFarland,* contra.