SULLIVAN *v.* FARLOW.

No. 13089. NOVEMBER 14, 1939.

*J. Paul Stephens* and *W. K. Miller,* for plaintiff in error.
*Cohen & Cohen* and *W. M. Lester,* contra.

GRICE, Justice. ■ The petition seeks to enjoin the placing of obstructions in a driveway, which is stated by plaintiff to be "on

the east side of her lot," and bounded on the east by the property of defendant. The amendment, as set forth above, is to the effect that a certain definitely described strip, a portion of the property of the defendant, has been in the uninterrupted use of the plaintiff and her predecessors in title for more than seven years, and contains the further allegation that it "is the same property originally appropriated by petitioner's predecessor in title." There was no special demurrer to the amendment, calling on the plaintiff to allege definitely whether the strip described in the amendment was a part of the driveway referred to in her petition, and we think that the amendment, fairly construed, is merely an effort to make more certain the description of the easement claimed, or, at most, to correct an error in the boundaries thereof as set forth in the petition. So construed, the petition did not set forth a new cause of action. Nothing to the contrary of this ruling was decided in *Steadham* v. *Cobb,* 186 *Ga.* 30 (196 S. E. 730). The principle that a suit to settle boundary line can not be amended into a suit to recover a tract of land from defendant under claim of title is not here involved on the face of the amendment; and of course, on demurrer, we must take as true what is alleged in the amendment. What the proof in support of it may show may be another matter, but such possibility can not affect a ruling on demurrer.

█ The demurrer was properly overruled. The allegations brought the plaintiff's case within the principle announced in *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303), where a citation of most of the authorities bearing on this question may be found. As to the remedy of injunction, the petition as amended does not fall within the rule as applied in *Campbell* v. *Deal,* 185 *Ga.* 474 (195 S. E. 432), and *West* v. *Chastain,* 186 *Ga.* 667 (198 S. E. 736), and cit.; but rather within *Kimbrell* v. *Thomas,* 139 *Ga.* 146 (76 S. E. 1024), and *Sapp* v. *Odum,* 165 *Ga.* 437 (141 S. E. 201), and other cases of that character, in view of the allegations as to the nature of the injury to plaintiff, and the fact of its being a continuing nuisance.

█ Under the record presented, it was within the discretion of the judge to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*