MILLS *v.* SMITH *et al.*

No. 16118. MARCH 19, 1948.

*Lewis A. Mills* and *Mills & Glass*, for plaintiff in error.

*McLaws & Brennan*, contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ Before he would approve the brief of evidence in the present case, and over the objection of the movant's counsel that it had no place in the brief and related to a ruling adverse to the plaintiffs in the trial court, which they should have excepted to and urged by cross-bill, the judge on motion of the plaintiffs' counsel, required the movant to incorporate this statement in the brief of evidence: "At the conclusion of the evidence, the court stated to counsel that it had prepared a list of questions to submit to the jury and would ask the jury to make their findings on these questions rather than on general verdict. The court then read the list of questions to the jury in the presence of counsel and the parties, and plaintiffs' counsel objected to submitting any questions on the ground that they would tend to confuse the jury, and to the third question on the ground it was immaterial and prejudicial. The court overruled the objections and submitted the questions to the jury, as will be noted in the record, and the jury found a verdict thereon." Assuming, but not holding, that the statement had no place in the brief, it does not appear that the plaintiff in error has been injured in any way by its inclusion. She did not then, and does not now, insist that this action of the trial judge, to which the statement relates, injured her in any way. It has for a long time been a settled principle of law in this State that the burden is on the plaintiff in error to show error which injured him. *Brown* v. *Atlanta*, 66 *Ga.* 71; *First National Bank of Chattanooga* v. *American Sugar Refining Co.*, 120 *Ga.* 717 (48 S. E. 326); *Studstill* v. *Growers' Finance Corp.*, 165 *Ga.* 304 (140 S. E. 859); *Walker* v. *Hartford Accident & Indemnity Co.*, 196 *Ga.* 361 (26 S. E. 2d, 695). In *Brown* v. *Atlanta*, supra, this court said: "When a plaintiff in

error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." No injury having been shown, the exception is without merit.

■ The general demurrer to the petition was properly overruled. The allegations of the petition being sufficient to show not only the existence of a nuisance, but a continuing nuisance or trespass resulting from repeated efforts to obstruct the street in question, brought the case within the principle announced by this court in *Russell* v. *Napier,* 80 *Ga.* 77 (4 S. E. 857); *Spires* v. *Wright,* 147 *Ga.* 633 (95 S. E. 232); *Dodson* v. *Evans,* 151 *Ga.* 435 (107 S. E. 59); *Town of Rentz* v. *Roach,* 154 *Ga.* 491 (115 S. E. 94); *Barham* v. *Grant,* 185 *Ga.* 601 (196 S. E. 43); *Sullivan* v. *Farlow,* 189 *Ga.* 186 (5 S. E. 2d, 641); *Lockwood* v. *Daniel,* 193 *Ga.* 122 (17 S. E. 2d, 542); *Hall* v. *Browning,* 195 *Ga.* 423 (24 S. E. 2d, 392).

In *Dodson* v. *Evans,* supra, it was held: "But the unlawful closing or obstructing of a private way, like that described in the present petition, is a nuisance, injurious to the property owners whose property abuts on the way; . . and such an obstruction to a private way being not only a nuisance but a continuing nuisance, a court of equity has jurisdiction to interpose by injunction to prevent a continuance of the nuisance or the placing of further obstructions in the way." And in *Barham* v. *Grant,* supra, this court said: A land owner may maintain a suit in equity to enjoin further interference with his means of egress to and ingress from a public highway when such interference amounts to a continuing nuisance or trespass and where an injunction would prevent a multiplicity of suits.

The only two grounds of special demurrer argued in the plaintiffs' brief are without merit, since the allegations of the petition were sufficient to show the nature and location of the obstructions complained of, and that the damage which would result to the plaintiffs from a continuation of the nuisance or trespass would be irreparable. The other grounds of special demurrer, not having been argued or otherwise insisted upon, will be treated as abandoned.

■

■ Another assignment of error complains of this part of the charge: "Where streets have been laid out, if they are accepted and used by the public, they have the right to continue to do so, and these streets having been shown to have been used long enough, thereby become streets as far as these people are concerned, and they have the right to continue to use them unless there has been an extinguishment of that easement or an affirmative abandonment." The criticism lodged against this portion of the charge is that it took from the jury one of the principal issues in the case, and instructed them that the evidence had proved that Lee Street had been used long enough as a street to become a street as far as the parties to this case were concerned; and relieved the plaintiffs of the duty of having to prove their case by a preponderance of the testimony. If the plaintiffs had predicated their right to use the street in question upon a prescriptive right resulting from use for a specified period of time, then the charge would have been erroneous, but such is not the case here. They base their right to use the street upon an easement arising by grant in 1887 from Dr. Falligant, who subdivided a tract of land and sold the lots now owned by the parties by reference to a recorded plat. In *Aspinwall* v. *Enterprise Development Co.*, 165 *Ga.* 83 (140 S. E. 67), this court held: "If an owner of a tract of land divides it into lots, streets, and alleys, records a plat thereof, and conveys lots by reference to the plat which abut a particular alley, the grantee in virtue of the grant will acquire a private easement in the alley as appurtenant to the land for the purpose of affording ingress and egress to and from the lots." And in *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (151 S. E. 349), it was said: "Where a grantor sells lots of land and in his deeds describes them as bounded by streets as shown upon a plat of a subdivision of the grantor's lands, the grantor and those claiming under him by mesne conveyances are estopped to deny the existence of such streets as delineated on such plat." The pleadings and evidence of the parties to the instant case show that they acquired their lots in the subdivision from grantors claiming under Dr. Falligant, who sold by reference to the recorded plat of 1887, and the defendant's contention was that the plaintiffs had lost through abandonment their right to use

the street in question. The court fully instructed the jury on the issue of abandonment,. and one of the questions which was submitted to the jury for determination, and answered in the negative was: "Has that part of Lee Street in contest in this case been affirmatively abandoned by the lot owners and residents of said subdivision, so as to cause the use of said portion of said street to be vested in the owners of the adjoining property to the exclusion of' all others?"

Such being the record, the charge complained of was not harmful error.

■ The evidence was amply sufficient to authorize the findings of fact made by the jury on the questions submitted by the court.

For the reasons stated in this opinion, the court did not err in any of the rulings complained of.

*Judgment affirmed. All the Justices. concur, except Wyatt, J., who took no part in the consideration or decision of this case.*