## 20526. HANCOCK *et al. v.* MORIARITY.

CANDLER, Justice. On November 12, 1958, Mrs. Katherine G. Moriarity filed a petition for both legal and equitable relief, in the Superior Court of Fulton County, against Mrs. Mary Jo Ayers and O. C. Hancock, alleging, in brief, as follows: On August 26, 1919, she purchased from Mrs. Lilly C. Beall a lot or parcel of land in the City of Atlanta, which fronts 40 feet on Piedmont Avenue and for the same width extends back and east 135 feet, together with all right, title, and interest in and to a ten-foot-wide alley or strip of land extending from the rear of her lot eastwardly along W. H. Crosby's north line to the main north-and-south alley which connects Fifth and Fourth Streets; and her warranty deed therefor was duly recorded in Fulton County on March 26, 1921. Since

purchasing her property, she has maintained, improved, repaired, and used the alley or ten-foot strip described in her deed as a means of ingress to and egress from her lot, her garage being located on the rear portion thereof. On January 27, 1948, the defendant Hancock purchased a lot or parcel of land in the same block, which fronts 30 feet on Fifth Street and for the same width extends back and south 80 feet, with a strip ten feet wide across the rear part of it being expressly reserved for alley purposes. The defendant Ayers resides on the defendant Hancock's lot as his tenant, and since on or about August 11, 1958, she has on "numerous uncountable occasions" parked her automobile which is more than six feet wide in and on the ten-foot wide strip described in the petitioner's deed "for days and nights at a time" and so as to block and thus prevent the petitioner from using it as a means of ingress to or egress from her lot; and this she has repeatedly done on many occasions, both during the day and at night, after being notified in writing of the petitioner's right to use it as a means of reaching and leaving her property, and a continuation of such acts of trespass by the defendant Ayers is imminent from her acts, conduct, and threats. By such loss of ingress and egress, the reasonable market value of petitioner's property has been reduced $5,000; and the defendant Ayers' continuous wilful and wanton acts of trespass have caused the petitioner much inconvenience, expense, anguish and peace of mind, so much so that she is entitled to recover punitive damages for such wrongs. An amendment to the petition alleges that the defendant Hancock wilfully and wantonly aided, abetted, and acted in concert with the defendant Ayers in so blocking and obstructing the petitioner's means of ingress and egress, and that he likewise directed her to commit such wrongful acts. There are prayers that the defendants be enjoined, temporarily and permanently, from committing such acts of trespass in the future; that the petitioner recover a judgment against the defendants for $5,000 as general damages sustained by her because of the depreciated value of her realty, and $1,000 as punitive damages; and that she be granted general relief. The defendants interposed separate but identical demurrers to the amended petition on the following grounds: (1) It fails to state a cause of action for equitable relief, since it shows on its face that the plaintiff has an adequate and complete

remedy at law; (2) its allegations do not authorize a recovery of damages for a diminution in the value of her realty; (3) it contains a misjoinder of parties and subject matters; and (4) its allegations as to each defendant are mere conclusions of the pleader with no facts alleged on which to base them. All of the demurrers were overruled, and the exception is to that judgment. *Held:*

1. The allegations of the amended petition are not only sufficient to show a trespass but a constantly recurring one, and it is well settled by many unanimous decisions of this court that a court of equity has jurisdiction to and will enjoin the further commission of such wrongful acts. For some of the many cases so holding, see *Lowe* v. *Holbrook,* 71 *Ga.* 563; *Dodson* v. *Evans,* 151 *Ga.* 435 (107 S. E. 59); *Phinizy* v. *Gardner,* 159 *Ga.* 136 (1) (125 S. E. 195); *Barham* v. *Grant,* 185 *Ga.* 601 (196 S. E. 43); *Sullivan* v. *Farlow,* 189 *Ga.* 186 (5 S. E. 2d 641); and *Mills* v. *Smith,* 203 *Ga.* 444 (47 S. E. 2d 260), and the cases there cited. The statutory remedy provided by Code § 83-119 for the removal of an obstruction from a private way is available only for the removal of an existing obstruction and is not an adequate and complete remedy when there is, as here, a constantly recurring obstruction of a temporary nature. *Hall* v. *Browning,* 195 *Ga.* 423 (4) (24 S. E. 2d 392). That an equitable petition will not lie where the allegations and prayers of a petition relate solely to an injunction against a finished existing obstruction permanent in character, as ruled in *Campbell* v. *Deal,* 185 *Ga.* 474, 478 (195 S. E. 432) and the cases there cited, is the statement of a principle not applicable to a constantly recurring obstruction such as the one complained of here.

2. The amended petition alleges that the obstruction which the defendants frequently and periodically placed in the petitioner's means of ingress and egress caused a $5,000 diminution in the reasonable market value of her lot, and there is a prayer for the recovery of that amount as damages for such reduced market value. Each demurrer to the petition as amended seeks to strike this allegation and the prayer relating thereto. The attack so made on the amended petition was meritorious, and the allegation and the prayer as thus attacked should have been stricken. One whose land is damaged as a proximate result of a permanent and non-abatable nuisance may recover prospective damages by reason of the depreciation in

the value of the land, but this is not the rule where the nuisance is non-permanent, abatable, or temporary in nature. *Langley* v. *City Council of Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. Rep. 133) ; *Central Georgia Power Co.* v. *Pope,* 141 *Ga.* 186 (80 S. E. 642, L.R.A. 1916D 358) ; *Barham* v. *Grant,* 185 *Ga.* 601, supra. The nuisance complained of in this case is one of a temporary nature which is abatable.

3. According to the allegations of the amended petition, this was clearly a tort in which there were aggravating circumstances either in the act or the intention; and it is a case where the jury could on proof of the allegations, rightly award punitive damages, either to deter the wrongdoers from repeating the trespass, or as compensation for the wounded feelings of the plaintiff. See Code § 105-2002; *Barham* v. *Grant,* 185 *Ga.* 601, supra; *Jacobus* v. *Children of Israel,* 107 *Ga.* 518 (33 E. E. 853).

4. There is clearly no merit in the contention that the petition as amended contained a misjoinder of subject matters or of parties defendant. And there is likewise no merit in the defendants' contention that the allegations of the amended petition are mere conclusions of the pleader, unsupported by facts.

5. For reasons stated above, the amended petition alleged a cause of action for some of the relief sought.

*Judgments affirmed in part and reversed in part. All the Justices concur.*

ARGUED JULY 14, 1959—DECIDED SEPTEMBER 11, 1959.

*O. C. Hancock, R. B. Pullen,* for plaintiffs in error.
*L. Norman Fisher,* contra.