### 23233. BISHOP et al. v. LAMKIN.

DUCKWORTH, Chief Justice. This is an action to enjoin a continuing trespass upon realty, an alleged 20-foot strip of the plaintiff's property, brought against the owner of the adjoining property which is not contiguous to the 20-foot strip, although it touches it at one end. The defendant owner of the adjoining property is a nonresident and contends he has the right of use of the 20-foot strip as a road for ingress and egress to his property, the same having been dedicated to him by deed. The other defendant is a resident of the county where the suit was filed and is the agent and employee of the nonresident defendant. Both defendants deny the trespass. A plea to the jurisdiction was also filed by the nonresident. The case proceeded to trial and the jury returned a verdict in favor of the plaintiff for $50 actual damages, $1,000 punitive damages, $1,000 attorney's fees, and a permanent injunction against both defendants to enjoin the trespass, the plaintiff having amended his petition during the trial to allege the trespass was wilful and to pray for punitive damages and counsel fees. The defendants appeal alleging numerous

errors: (1) on the charge of the court; (2) on the overruling of a motion to dismiss in the nature of a general demurrer; (3) on the alleged errors raised in the motion for new trial, as amended; (4) in the verdict which is alleged to be excessive; (5) in the refusal of the court to grant the motions for directed verdict and judgments notwithstanding the verdict on the plea to the jurisdiction of the nonresident defend-and the final verdict; and (6) to the denial of the motion for new trial. The crux of the matter is whether or not a private road was or is now existing over the 20-foot strip alleged to be the property of the plaintiff and which gives or would give the defendant or defendants the right of use, or has there been a wilful trespass upon the property of the plaintiff which would authorize the verdict and judgment? *Held:*

1. The plaintiff was authorized to amend his petition at any time during the trial and before final judgment, and the court did not err in denying the motions to dismiss in the nature of a general demurrer.

2. The charge on the acquisition of a private right of way by prescription was more helpful to the defendants than harmful since there was evidence of use from time to time by various persons who testified to its use. Thus a private way could have been found by the jury by prescription even if the jury ignored the alleged right of way by deeds since it is questionable as to whether or not the earliest deed shows an actual dedication which could be conveyed to the successors in title.

3. The alleged error in the charge complained of in the 8th enumeration of error is not found to be true when the entire charge is read. The court properly charged the jury that if the property was found to be that of the plaintiff and the defendants had committed the acts of trespass they would be authorized to grant a permanent injunction against the defendants. The charge was not subject to this specification of error since the court amply charged on the alleged right of user by the defendants, and there is no merit in the complaint that the court failed to charge on the right of user in the defendants.

4. The charge on the law as to the removal of obstructions to a private right of way by petition to the court of ordinary was authorized by the allegations and by evidence that (1)

there was a trespass to re-open an alleged old road which had obstructions in it; (2) the defendants had actual knowledge that the plaintiff claimed this land as his own; and (3) the defendants having this knowledge proceeded to knock down fences and cut down trees on this strip of land. This charge is a correct principle of law and was not harmful to the defendants, and had there been evidence of wilfulness it would have been further authorized by showing the defendants had an appropriate remedy at law to remove the obstructions which they failed to use. However this is a mere circumstance since the defendants would not be bound to first exhaust their legal remedies if they had reason to believe they had a right of use to the strip. There is no merit in this complaint.

5. Against the contentions of the plaintiff that he is the owner of the property on which the alleged trespass occurred, the defendants allege and contend the strip of land or alleged road was owned by another with the right of user in the defendant Bishop by deed. This, of course, is a part of the ultimate fact to be determined by the jury, and whether or not an attorney at law may qualify and testify as an expert witness as to what the law is and who has title and owns property as found by him from examination of title records under *Code* § 38-1710, the testimony here of the title attorney that he found the title of the 20-foot strip to be in Holmes with right of user in Bishop was a part of the ultimate fact to be decided by the jury. The deeds in evidence were the highest and best evidence. The objection was timely made, and the court did not err in instructing the jury to disregard this testimony.

6. There was testimony of the plaintiff that when he confronted both defendants standing on the 20-foot strip after he learned of their acts of destroying his property that they did not answer his charge of trespassing by knocking down his fences, cutting his trees, etc., but when he mentioned the cutting down of the pecan trees the resident defendant answered that he did not think they had cut any pecan trees. Likewise the nonresident defendant admitted the destruction of the property on cross examination under the belief he had the right to do so. The confrontation occurring on the alleged trespass property called for an answer and when the resident defendant replied that he did not think they had cut any pecan

trees it was tantamount to an admission that they had done the other acts. In addition there were other facts and circumstances and evidence in the record sufficient to authorize a verdict against the resident defendant, and the plea to the jurisdiction was without merit. The court did not err in denying the motions for directed verdict and for judgment notwithstanding the verdict on the plea to the jurisdiction.

7. There was substantial evidence, if believed by the jury, which could have authorized a verdict either for the defendants or the plaintiff, hence the court did not err in overruling the general grounds of the motion for new trial, the motion for directed verdict, or motions for judgment notwithstanding the verdict in accordance with the motion for directed verdict. While from the testimony and exhibits a private road at some time in the past was planned, created, or existed on or near the property to which the plaintiff contends he has complete title, there was conflicting evidence as to whether such road still existed, or ever existed, and whether the defendants had the right to use same which may or may not have been abandoned. The jury chose to believe the testimony and exhibits in favor of the plaintiff, and it was sufficient to support the verdict except as enumerated in headnote 8. Since the case is one in which the continuing trespass can be abated by the cessation of the same the depreciation of the value of the land is not the measure of actual damages but the amount shown by the evidence to have occurred. See *Hancock v. Moriarity*, 215 Ga. 274, 277 (4) (110 SE2d 403). There being evidence of several hundred dollars worth of damage, the jury was authorized to return a verdict of $50 in actual damages.

8. There was evidence that the defendants had actual knowledge that the plaintiff claimed this land and allowed no one to use it; a gate had been locked, and fences were across it so as to obstruct the strip alleged by the defendants to be a road which they allegedly had the right to use. There was evidence, if believed by the jury—and apparently so from the verdict—, that the defendants were trespassers, but there was no evidence that the alleged claim of right by the deeds was fraudulent, the deeds forgeries, or that the defendants otherwise entered in bad faith having knowledge they had no clear right to use the property or that their claim of right was absolutely void. Thus the award of attorney's fees and punitive damages was not authorized by the evidence. It

was therefore error to charge on additional damages for aggravating circumstances in tort, compensation for wounded feelings and necessary expenses consequent upon injury done by wilful trespass committed in bad faith and as to counsel fees as expenses of litigation. True, the acts were wilfully done, but it is not contested that they were not done under the claim of right, or shown to be for spite, and no aggravation is shown. The alleged claim of right by deed is not shown to be fraudulent, maliciously granted, or the deeds forgeries, or that the defendants could not rely upon them; and the nonresident owner defendant testified that he entered under the belief that he had the right to so do, and this testimony is not controverted or refuted even though it is shown by other evidence that there was a trespass. However, a new trial in this case will not be ordered if, before the remittitur is made the judgment of the lower court, the plaintiff will write off the punitive damages and counsel fees; failing which the judgment is reversed.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED DECEMBER 13, 1965—DECIDED JANUARY 6, 1966—
REHEARING DENIED JANUARY 18, 1966.

*Thurmond, Hester, Jolles & McElmurray, Cornelius B. Thurmond, Jr.,* for appellants.

*Randall Evans, Jr.,* for appellee.