23438. PIEDMONT COTTON MILLS, INC. et al. v. GENERAL WAREHOUSE NO. TWO, INC.

ARGUED APRIL 12, 1966—DECIDED MAY 26, 1966.

*Wotton, Long, Jones & Read, Calhoun A. Long,* for appellants.
*A. Tate Conyers, Benjamin J. Camp,* for appellee.

Cook, Justice. ■ It was not error to overrule the general demurrers to the petition, which alleged the diversion of a stream from its channel by the defendants on the property of the defendant corporation, resulting in injury to the property of the petitioner by flooding. *Code* §§ 85-1301, 105-1407.

■ The only special demurrers urged by the defendants are those attacking the allegations in regard to a malicious tort of the defendants, and the allegations with reference to the measure

of damages claimed by the petitioner. It is alleged that the defendant T. W. Tift, "individually and as an officer and agent of" the corporate defendant, "acting within the scope of his authority," demolished the portion of construction completed on a bridge on the petitioner's property, after previously demanding that the bridge be moved. It is asserted that the allegations do not charge this tort to the corporate defendant because it does not affirmatively appear that the initial demand was authorized by the corporation or within the scope of Tift's authority, or that the acts were ratified by the corporation.

"A principal may be liable for the wilful tort of his agent, done in the prosecution and within the scope of his business, although it is not expressly shown that he either commanded the commission of the wilful act or assented to it." *Planters Cotton-Oil Co. v. Baker,* 181 Ga. 161, 163 (181 SE 671) ; *Frazier v. Southern R. Co.,* 200 Ga. 590 (37 SE2d 774). The allegation that Tift, as an officer and agent of the defendant corporation, was acting within the scope of his authority, was sufficient to charge the corporation with the tort of Tift, and the petition was not subject to the special demurrers interposed in regard to this tort.

■ It is urged by the appellants that, under the rulings in *Langley v. City Council of Augusta,* 118 Ga. 590 (45 SE 486, 98 ASR 133) ; and *Hancock v. Moriarity,* 215 Ga. 274 (110 SE2d 403), the measure of damages for land damaged as the result of an abatable nuisance is not the diminution in the reasonable market value of the land. These cases hold that if a nuisance is not of a permanent character, but one that may be abated at any time, the depreciation of the value of the land is not the proper measure of damages. In *Hancock v. Moriarity,* supra, the nuisance alleged was the blocking of a driveway by the parking of an automobile, a temporary nuisance, and one that could be abated, leaving the property without injury. In *Langley v. City Council of Augusta,* supra, it was held (at page 600) that if the freehold estate of the plaintiff was injured by the construction of the ditch complained of, the measure of damages would be the difference in market value before and after the construction of the ditch, and that the plaintiff could recover for the actual damages sustained on account of the maintenance of the ditch in an improper manner.

In the present case the petition alleged permanent damage to the property of the petitioner because of the erosion that had already resulted from the diversion of the stream by the defendants, and damages were prayed for diminution in market value and for expenses sustained in preventing further damage. The recovery of these damages was authorized under the allegations of the petition. That the petitioner prayed for injunction to prevent further injury to its property did not show that the nuisance was a temporary and abatable one, which could be compensated only to the extent of the depreciation in rental value of the property. For cases dealing with the measure of damages in cases of permanent and nonpermanent injuries by nuisance see: *Hodges v. Pine Product Co.,* 135 Ga. 134 (68 SE 1107, 33 LRA(NS) 74, 21 AC 1052); *Atkinson v. Kreis,* 140 Ga. 52 (2) (78 SE 465); *Central Georgia Power Co. v. Pope,* 141 Ga. 186 (2) (80 SE 642, LRA 1916D 358); *Sweetman v. Owens,* 147 Ga. 436 (94 SE 542); *Barham v. Grant,* 185 Ga. 601 (196 SE 43). It was not error to overrule the special demurrers objecting to the measure of damages alleged by the petitioner.

In specification 12 of the enumeration of errors it is asserted that the judge erred in charging the jury as to the measure of damages which the petitioner might recover against the defendants. The judge correctly charged that if the petitioner should be entitled to recover damages, it would be entitled to recover the difference between the fair market value of the land immediately before the stream was diverted from its normal channel, and the fair market value at the time the petition was filed, plus any reasonable and necessary expense incurred in minimizing the damage to its land.

■ The evidence on the trial was in sharp conflict. There was an abundance of evidence to support the allegations of the petition that the defendants had diverted the stream from the channel in which it flowed at the time the petitioner bought its property from the defendant corporation, and that this diversion of the stream had caused the flooding of the land of the petitioner. There was evidence for the defendants that the defendant corporation had merely cleared out the channel of the stream, and had not changed its course. The jury was authorized to find for

the petitioner, and it was not error to overrule the general grounds of the motion for new trial.

Special ground 4 of the motion for new trial is an elaboration of the general grounds. The appellants contend that the evidence did not support the award of $13,500 actual damages and $5,500 punitive damages. The evidence showed that the petitioner had spent nearly $8,000 in repairing and preventing damage caused by the erosion resulting from the diversion of the stream. There was sufficient evidence from which the jury was authorized to find depreciation in the market value of the land in an amount equal to the difference between the actual expenses proved and the $13,500 actual damages awarded by the jury. The evidence concerning the wilful nature of the trespass authorized a finding for punitive damages. It was not error to overrule this ground of the motion for new trial.

■ Ground 5 of the motion for new trial shows that the first verdict of the jury was a finding in favor of the petitioner, with an award of actual damages of $13,500 against Piedmont Cotton Mills, Inc., and an award of $5,500 punitive damages against T. W. Tift. The trial judge declined to accept the verdict in this form. After further instructions, the jury returned a verdict in favor of the petitioner, awarding $13,500 actual damages and $5,500 punitive damages against both defendants. It is asserted that the first verdict was in proper form, and published as provided by law, and that it could not thereafter be reconsidered by the jury and additional damages awarded.

In specification 10 of the enumeration of errors it is asserted that the trial judge erred in refusing to accept the verdict of the jury as first rendered, and requiring further deliberations by the jury. In specifications 13 and 14 it is contended that it was error to instruct the jury, on sending them back to reconsider the case, that "punitive damages . . . cannot be awarded against a defendant unless you first find against him as to other general or actual damages in some amount. In a case of that kind, whatever amount of general or actual damages, if any, that should be returned against both defendants, if you should do that as the total amount that could be recovered by the plaintiff for that particular item of damages, it could be collected from either defendant or both defendants, together."

Code § 105-2002 provides: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." In *Foster v. Sikes*, 202 Ga. 122, 126 (42 SE2d 441), this court held: "While punitive damages may be given in a proper case even though the actual damage is small, in order for the plaintiff to be entitled to such damages there must be some injury which would support an action for at least nominal damages. A tort must have been committed before punitive damages can be assessed. Since no injury is shown to the plaintiff in the present case, he has no cause of action for punitive damages." The *Foster* case was dealing with pleadings, but the principle announced would be applicable to the verdict of the jury. Code § 105-2002 refers to punitive damages as "additional" damages, indicating that it is only where the jury returns a verdict for actual damages that punitive damages may be found.

Since the first verdict of the jury was improper and inconsistent, finding actual damages against one defendant and punitive damages against the other defendant, the trial judge properly required the jury to return for further deliberations, with instructions that they could not find punitive damages without finding some amount as actual damages. *Smith v. Pilcher*, 130 Ga. 350 (60 SE 1000); *Lowery v. Morton*, 200 Ga. 227 (36 SE2d 661); *Fried v. Fried*, 208 Ga. 861 (3a) (69 SE2d 862); *Parrish Bakeries of Georgia, Inc. v. Wiseman Baking Co.*, 104 Ga. App. 573, 575 (122 SE2d 260).

■ Specification 6 of the enumeration of errors asserts that the trial judge erred in granting a permanent injunction against the defendant in the judgment entered on the verdict of the jury. The verdict of the jury recited: "We the jury find in favor of the plaintiff . . ," and awards of actual and punitive damages were made. The case was not presented to the jury on special questions, but was submitted with instructions that they find for the petitioner or for the defendants, and that they state what amount of damages, if any, they should award to the party or parties for whom the verdict was found.

In *Anderson v. Sapp*, 135 Ga. 204 (69 SE 181), the petition sought to enjoin an impending trespass and to recover damages for acts already committed. The following verdict was returned: "We, the jury, find for plaintiff, and sixty-five dollars for timber cut." This court held that this verdict "was a finding by the jury that the plaintiff was entitled to the writ of injunction as prayed, and damages in the stated amount." Compare *Gray v. Junction City Manufacturing Co.*, 195 Ga. 33 (3) (22 SE2d 847).

The trial judge in the present case did not err in entering a judgment for permanent injunction on the verdict of the jury.

■ Specifications of error Nos. 7, 8, 9, and 11 contend that the trial judge erred in failing to charge certain issues, without requests to charge thereon. We have examined these specifications and they are without merit.

■ In specification of error No. 15 it is asserted that the judge erred in charging the jury that, "if Piedmont Cotton Mills, Inc. diverted the stream from its former channel and had this not occurred, the stream would have naturally carried away any surface water which was collected and concentrated by General Warehouse No. Two, Inc., that the same would have carried the water away, that there would be no liability on the plaintiff because the diversion of the stream would, in effect, have caused the damage."

The trial judge charged extensively on the proximate cause of damages as applied to the injuries claimed by both the petitioner and the defendant corporation. It was not error to charge, in effect, that the collection and concentration of surface water by the petitioner and the discharge thereof in the natural stream, would not make the petitioner liable for damages to the defendant corporation if the discharge was not beyond the capacity of the watercourse flowing in its natural channel. See 93 CJS 816, Waters, § 117.

■ The charge complained of in specification of error No. 16, in regard to damages, was not erroneous.

*Judgment affirmed. All the Justices concur.*