## 72070. KIEL v. JOHNSON.

(345 SE2d 131)

McMURRAY, Presiding Judge.

Plaintiff Barbara Johnson brought suit against Konrad M. Kiel and Karen A. Kiel in the Superior Court of Henry County. It was alleged that defendant and plaintiff were adjacent landowners; that defendants purchased their property from plaintiff on May 23, 1980; that in 1982 defendants took steps to alter the flow of surface water upon their land; that as a result of defendants' interference with the surface water, plaintiff's property was damaged; and that the discharge of the surface water onto plaintiff's property constituted a trespass and a continuing nuisance. Based on these allegations, plaintiff sought injunctive relief and monetary damages. Defendants answered the complaint and denied the material allegations set forth therein. In the meantime, the parties reached an agreement concerning the injunctive features of the complaint. In this regard, a consent order was entered requiring defendants to cease causing the surface water to be cast upon plaintiff's property. The case proceeded to trial to determine whether plaintiff was damaged.

Plaintiff introduced evidence which demonstrated that defendant Konrad M. Kiel dammed a drainage pipe and built a "terrace" on his property in 1982; that as a result of Mr. Kiel's actions much of the surface water which previously flowed across the Kiels' property was diverted to plaintiff's property; that the surface water carried silt and debris into a spring-fed lake on plaintiff's property; that the lake was clear and deep before defendant Konrad M. Kiel caused the surface water to be diverted; and that after the water was diverted the depth

of the lake decreased on account of silt deposits. Plaintiff admitted that small amounts of surface water were carried into the lake before Mr. Kiel altered the flow of the surface water. She maintained, however, that the lake showed no evidence of harm until Mr. Kiel dammed the drainage pipe. The parties stipulated that it would cost $6,000 to dredge the lake.

A verdict was rendered by a jury in favor of plaintiff and against defendant Konrad M. Kiel in the amount of $4,000. Judgment was entered in accordance with the verdict and defendant Konrad M. Kiel moved for a new trial. Prior to the jury's deliberations the trial court had instructed the jury that "Mrs. Kiel was named as a defendant because she is the co-owner of the property involved in this case. But, insofar as the damages are concerned, there has been no testimony of any action by her that would constitute damages. And so, for your consideration this is simply a case between Mrs. Johnson and Mr. Kiel. And you will not consider Mrs. Kiel in rendering any verdict that you may return in the case." The motion for new trial was overruled and this appeal was taken. *Held*:

1. Defendant moved for a directed verdict on the ground that plaintiff did not properly prove damages. In his first enumeration of error defendant contends the trial court erred in failing to grant this motion. This contention is without merit.

Plaintiff introduced evidence which demonstrated that her property rights were tortiously invaded. *Swift v. Broyles*, 115 Ga. 885 (42 SE 277); Kates, Ga. Water Law, p. 256 (Institute of Government, Univ. of Ga., 1969). Thus, a verdict for nominal damages, at the very least, was in order. *Swift v. Broyles*, 115 Ga. 885, supra; *Farley v. Gate City Gas Light Co.*, 105 Ga. 323, 324 (4) (31 SE 193). And since plaintiff would have been entitled to at least nominal damages, it would have been error to have granted defendant's motion for a directed verdict. *Avery v. K.I., Ltd.*, 158 Ga. App. 640 (281 SE2d 366).

2. Via his second, third and fifth enumerations of error, defendant contends the trial court erred by failing to instruct the jury that a landowner is not liable for the diversion of surface water unless he diverts the natural flow of water by "artificial means." We agree that a landowner is not liable to another unless he diverts surface water artificially. Kates, Ga. Water Law, p. 213 (Institute of Government, Univ. of Ga., 1969).

Here, the trial court simply instructed the jury that a landowner could not change the flow of water from the manner in which it flowed previously. The jury was not charged that defendant was not liable unless he altered the flow of surface water by artificial means. Nevertheless, we find no harmful error. Defendant *artificially* diverted the flow of the surface water by damming a pipe and constructing a terrace. "Artificial means" was not an issue in this case.

3. In his fourth and sixth enumerations of error, defendant asserts the trial court erred by charging the jury that the "cost of repair" was the measure of plaintiff's damages. He also contends the appropriate measure of damages was the diminution in the market value of the affected property. We disagree. In the first place, diminution in the market value of plaintiff's property was not the proper measure of damages since the continuing nuisance created by defendant was abatable. *Piedmont Cotton Mills v. Gen. Warehouse No. Two*, 222 Ga. 164, 168 (3) (149 SE2d 72); *Burleyson v. Western & Atlantic R. Co.*, 91 Ga. App. 745 (87 SE2d 166). In the second place, the cost of repair often has been held to be an appropriate measure of damages in cases involving a continuing nuisance or trespass. See, e.g., *Raymar, Inc. v. Peachtree Golf Club*, 161 Ga. App. 336, 337 (2B) (287 SE2d 768); *Southern Mut. Investment Corp. v. Langston*, 128 Ga. App. 671, 674 (6) (197 SE2d 775). See generally *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 241 (3) (316 SE2d 537), wherein this court observed that cases involving a continuing trespass can be remedied by making "repairs" to the property.

We recognize that "cost of repair" damages have been held to be especially appropriate in cases of this kind where the jury has viewed the property. See, e.g., *Raymar, Inc. v. Peachtree Golf Club*, 161 Ga. App. 336, supra. But a view is not required and we see no reason why "cost of repair" damages cannot be used in the case sub judice simply because the jury was not afforded a view. The record is replete with testimony concerning the lay of the land as well as pictures of the property. Under these circumstances, we think the "cost of repair" was an equitable measure of damage. *Southern Mut. Investment Corp. v. Langston*, 128 Ga. App. 671, supra; Eldridge, Personal Injury & Property Damage, The Law in Ga., § 8-1 (The Harrison Co., 1978).

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED MAY 7, 1986.

*Alex Crumbley*, for appellant.
*Arch W. McGarity*, for appellee.