A91A0438. BRACEY v. KING.
(406 SE2d 265)

BANKE, Presiding Judge.

The appellant brought this action against the appellee seeking to recover for alleged flooding damage to her property caused by the downstream obstruction of a creek. The case is before us on appeal from the grant of the appellee's motion for summary judgment.

On March 30, 1988, the appellee and his brother sold the appellant a vacant lot in a subdivision which they were developing. The lot was traversed by a natural stream, and the appellant acknowledged at the time of the purchase that a portion of the property was in a flood plain. Subsequent to the purchase, she observed that water was backing up onto the lot as the result of one or more dams which had been constructed downstream by beavers, on property still owned by the appellee and his brother. The appellant complained about this to the appellee's brother and to the real estate broker who had handled the sale, and the appellee's brother responded by having a backhoe brought in to destroy the dams; however, within a month the beavers had rebuilt them. Again the appellee's brother had a backhoe brought in to destroy the dams, but again the beavers prevailed. The appellant does not allege that she or any of her agents have been denied permission to enter upon the property of the appellee and his brother to remove the dams. The trial court granted the appellee's motion for summary judgment based on a conclusion that the dams constituted a natural obstruction which the appellee was under no legal obligation to remove. *Held:*

1. "The owner of land through which nonnavigable watercourses flow is entitled to have the water in such streams come to his land in its natural and usual flow, subject only to such detention or diminution as may be caused by a reasonable use of it by other riparian proprietors. The diverting of the stream in whole or in part from its nat-

ural and usual flow, or the obstructing thereof so as to impede its course or cause it to overflow or injure the land through which it flows . . . shall constitute a trespass upon the property." OCGA § 51-9-7. However, "a landowner is not liable for the diversion [or obstruction] of surface water unless he diverts [or obstructs] the natural flow of water by 'artificial means.' " *Kiel v. Johnson*, 179 Ga. App. 43, 44 (2) (345 SE2d 131) (1986). Accord *Brown v. Tomlinson*, 246 Ga. 513, 514 (272 SE2d 258) (1980).

The trial court clearly was correct in its conclusion that a beaver dam is naturally created as opposed to an artificially created obstruction. Cf. *Dawson v. Wade*, 257 Ga. 552 (361 SE2d 181) (1987). The appellant argues that the appellee and his brother nevertheless became responsible for the dams by "allow[ing them] to exist for the length of time it took to damage appellant's lot and decrease its value." This contention is, however, completely contrary to established precedent.

"[A] riparian owner is not to be held responsible for the effects of the forces of nature, . . . and he *owes no duty* either to a lower or to an upper riparian owner to remove [natural] obstructions, so as to release water thereby caused to be backed over the land of an upper riparian owner; and therefore a failure to do so, even after notice, does not subject such owner to an action ex delicto for damages. It is true that a riparian owner is not to be allowed to 'co-operate with, augment, or accelerate' [cit.] the forces of nature to the injury of another riparian owner, and that because of an existing easement resting in the plaintiff upon adjoining lands to have the water flow as to natural quantity from his land [cit.] the defendant 'would as to such naturally arising obstructions be bound . . . to permit the plaintiff to enter upon his (defendant's) land after due notice, and at her (his) *own* expense . . . clear away such naturally arising obstructions from the channels' [cit.]; and where the defendant refused to permit the plaintiff at his own expense to remove the obstruction an action for damages would lie, as was held in *Parrish v. Parrish*, 21 Ga. App. 275 (94 SE 315) [1917]. However, . . . no duty rest[s] on [the defendant] to remove the obstruction. . . ." (Emphasis from original.) *Cole v. Bradford*, 52 Ga. App. 854, 855 (184 SE 901) (1936). Were the law otherwise, then the distinction between natural and artificial obstructions would be completely illusory.

There is no suggestion in this case that the appellee and/or his brother imported the offending beavers onto their property, trained them to build the dams, or in any way assisted or encouraged them in this activity. Rather, the evidence indicates without dispute that the appellee and his brother were not even aware of the existence of the dams until the appellant complained about them. Accordingly, the trial court did not err in granting the appellee's motion for summary

judgment.

2. Finding no basis upon which a reversal of the trial court's judgment could reasonably have been anticipated, we hereby assess a $300 penalty against the appellant pursuant to Rule 26 (b) of this court for filing a frivolous appeal. Upon the return of the remittitur from this court, the lower court is hereby ordered to enter judgment against the appellant and in favor of the appellee in this amount.

*Judgment affirmed with direction. Carley and Beasley, JJ., concur.*

DECIDED MAY 31, 1991.

*Loftiss, Van Heiningen & Ward, J. Patrick Ward*, for appellant.
*William U. Norwood III*, for appellee.