ROBERTSON, Presiding Judge. '
Billy H. Huff sued adjoining landowner J.L. Smith claiming ownership of certain property by adverse possession and seeking damages for trespass. Smith counterclaimed, alleging, inter alia, that Huff had trespassed on his property by causing water to back up onto Smith’s property. Both parties’ trespass claims were submitted to the jury. The jury returned a verdict against Huff on his claim and in favor of Smith on his counterclaim and awarded damages in the amount of $4,500. Huffs post-judgment motions were denied.
The dispositive issue before this court is whether the evidence supports the jury’s verdict of trespass.
Our Supreme Court has held:
“[I]n order for one to be liable to another for trespass, direct or indirect, the person must intentionally enter upon land in the possession of another or the person must intentionally cause some ‘substance’ or ‘thing’ to enter upon another’s land. [Born v. Exxon Corp.,] 388 So.2d [933,] 934. That is, the intent to do the act which leads to the trespass is the requirement, not the intent to actually trespass.”
W.T. Ratliff Co. v. Henley, 405 So.2d 141, 146 (Ala.1981) (emphasis original). See also, Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974).
The record evidence in this case reflects that Smith and Huff are adjoining landowners, and that Little Canoe Creek runs through Smith’s property onto Huffs property. Beavers have been active on both parcels of property, and both Smith and Huff testified to removing beaver dams from the creek. Huff removed the beaver dams on his property for some time, and during that time there was no flooding onto Smith’s property. However, when the parties began to disagree on the boundary between their properties, Huff stopped removing the beaver dams from his property. The enlargement of the creek caused by the beaver dam on Huffs property flooded approximately three acres of Smith’s land. Smith testified that the land was worth $1,500 per acre.
In Roberts v. Brewer, 290 Ala. 329, 276 So.2d 574 (1973), the first and only beaver dam case addressed by our Supreme Court, the Court held:
“It is a legal right of every riparian proprietor to have a natural stream flow through his land in its natural channel, without obstruction or alteration even in its natural level, Wright & Rice v. Moore, et al., 38 Ala. 593 [(1863)], and any obstruction resulting in the unnatural enlargement of a stream to the injury of an upper proprietor gives to the upper proprietor a right of action. Gulf States Steel Co. v. Law, 224 Ala. 667, 141 So. 641 [1932].”
Roberts, 290 Ala. at 338, 276 So.2d at 582 (emphasis added). That right of action is “a tort in the nature of a private nuisance....” Gulf States Steel Co. v. Law, 224 Ala. 667, 668, 141 So. 641, 642 (1932). See also, Barber Pure Milk Co. v. Young, 263 Ala. 100, 81 So.2d 328 (1955); Mobile & O.R. Co. v. Red *261 Feather Coal Co., 218 Ala. 582, 119 So. 606 (1928). The law of nuisance applies when there is an interference with the use and enjoyment of one’s property. Borland v. Sanders Lead Co., 369 So.2d 523 (Ala.1979).
Although Huff concedes that there is a legal basis for a claim of nuisance under the facts of this case, he argues that there is no basis for a claim of trespass. Huff contends that the flooding of Smith’s property caused by the beaver dam on Huffs property was not the result of any intentional act.
The facts in this case do not support a finding that the beaver dam on Huffs property was the result of an intentional act by Huff; consequently, we hold that the evidence does not support the jury’s verdict based on trespass.
We need not decide whether the beaver dam in this case is an unnatural obstruction or a natural obstruction. See, e.g., Frank v. Garrison, 184 A.D.2d 852, 584 N.Y.S.2d 217 (1992); Bracey v. King, 199 Ga.App. 831, 406 S.E.2d 265 (1991). In Roberts, supra, our Supreme Court held that any obstruction[1] which results in an unnatural enlargement of a stream to the injury of an upper proprietor gives that upper proprietor a right of action in the nature of a private nuisance. Consequently, in beaver dam cases, the question for the factfinder is not whether the obstruction is natural or unnatural, but whether there is an unnatural enlargement of a stream to the injury of an upper proprietor. If so, then the trial court may order such remedies necessary to abate the nuisance.
The judgment of the trial court is reversed, and this case is remanded for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.

. We must assume that "any obstruction” means any natural obstruction or any unnatural obstruction.